(Reap. Dec. 10905)

SHALOM BABY WEAR, INC. *v.* UNITED STATES

Entry No. 746434.

(Decided March 2, 1965)

*Lane, Young & Fox* (*William Whynman* of counsel) for the plaintiff.
*John W. Douglas*, Assistant Attorney General (*Charles P. Deem*, trial attorney), for the defendant.

FORD, Judge: The appeal for reappraisement listed above covers the shipment of certain cotton parkas, appraised on the basis of export value under section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165. The appraisement was made on the basis of the invoice unit value, plus 4 per centum, packed.

It is agreed by counsel for the respective parties that the proper basis for appraisement is export value, as defined in section 402(b) of said act, as amended, *supra*. The only question presented is whether the 4 per centum buying commission is properly part of the dutiable value.

The record herein consists of the testimony of Albert Shalom, certain confirmations of orders, received as plaintiff's collective exhibit 1, and a buying agreement, received as plaintiff's exhibit 2. In addition thereto, a report of a customs agent was received as defendant's collective exhibit A. The record satisfactorily establishes that the importer herein engaged the services of Esses & Co. as its buying agent, whose duties were to contact various manufacturers; obtain prices; place orders upon the written instructions of the importer; check and inspect shipments; prepare necessary documents; and advise the importer regularly about market conditions. For this, Esses & Co. was to receive a buying commission of 5 per centum.

The record herein establishes that the merchandise was purchased from the Victory Hingke Manufacturing Co. Defendant's collective exhibit A confirms the fact that Esses & Co. was a buying commissionaire for the importer herein and that Esses & Co. had no financial interest in the actual manufacture of the merchandise involved herein. It has been further established that the commission in this instance was reduced to 4 per centum because it was a repeat order.

It is well-settled law that a *bona fide* buying commission is a nondutiable item and, consequently, not a part of export value, as such value is defined by statute. *Stein* v. *United States*, 1 Ct. Cust. Appls. 36, T.D. 31007; *United States* v. *Case & Co.*, 13 Ct. Cust. Appls. 122, T.D. 40958; *Randbur Co.* v. *United States*, 46 Cust. Ct. 646, Reap. Dec. 9962. Whether a buying commission is *bona fide* depends upon the facts in each case. *United States* v. *Nelson Bead Co.*, 42 CCPA 175, C.A.D. 590. The evidence herein establishes that the merchandise was purchased through a commissionaire who, pursuant to an agreement, acted on behalf of the importer. Counsel for defendant concedes plaintiff has established that the entered 4 per centum buying commission was paid to a *bona fide* purchasing agent for services associated with the purchase of the imported merchandise, in accordance with the rules set forth in *United States* v. *Supreme Merchandise Company*, 48 Cust. Ct. 714, A.R.D. 145, and cases cited therein.

Based upon the record and following the authorities cited, *supra*, the court makes the following findings of fact:

1. That the imported merchandise consists of cotton parkas, exported from Hong Kong.

2. That the only item challenged by the importer and raised on appeal is as to the buying commission.

3. That Esses & Co. acted as buying agent for plaintiff and said plaintiff agreed to pay said company a buying commission.

The court, therefore, concludes as matters of law:

1. That the proper basis for appraisement is export value under section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165.

2. That said export value is the invoice unit value, packed.

Judgment will be issued accordingly.