BEFORE JUDGE BECKWORTH, JULY 3, 1967

**No. R67/84.**—Dana Parfumes Corp. *v.* United States, reappraisements R60/12405, etc. (New York).

**No. R67/85.**—Dana Parfumes Corp. et al. *v.* United States, reappraisements R60/14208, etc. (New York).

In accordance with stipulation of counsel that the merchandise and issues are the same in all material respects as those in *Gehrig Hoban & Co., Inc.* v. *United States* (57 Cust. Ct. 727, A.R.D. 210), the court found and held that cost of production, as that value is defined in section 402a(f) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for the determination of the respective values of the "Canoe" and/or "Bon Voyage" perfume involved herein and that such values are the respective values listed in schedule "B," said schedule "B" being attached to and made a part of the decisions.

BEFORE CHIEF JUDGE RAO, JULY 5, 1967

**No. R67/86.**—Kurt Orban Company, Inc. *v.* United States, reappraisement R64/24041 (Port Everglades).

In accordance with stipulation of counsel that the issues of fact and law are the same in all material respects as those in *Kurt Orban Company, Inc.* v. *United States* (52 CCPA 20, C.A.D. 851), the court found and held that export value, as that value is defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis of value for the galvanized wire and round steel wire in issue and that said value is represented by the appraised value, less inland freight and f.o.b. charges of $8 per metric ton.