BEFORE JUDGE WATSON, JANUARY 16, 1968

**No. R68/10.**—Dana Parfumes Corp. *v.* United States, reappraisements R66/23435 and R66/19679 (New York).

**No. R68/11.**—Dana Parfumes Corp. *v.* United States, reappraisements R67/1633, R67/5474, and R67/8535 (New York).

In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *Gehrig Hoban & Co., Inc.* v. *United States* (57 Cust. Ct. 727, A.R.D. 210), the court found and held that cost of production, as that value is defined in section 402(f), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for the determination of the value of the "Canoe" cologne here in question and that such values are as stated in schedule "B," said schedule "B" being attached to and made a part of the decision, plus the pro rata share of the cost of packing as indicated on the invoices.

BEFORE JUDGE WATSON, JANUARY 30, 1968

**No. R68/12.**—A. N. Deringer, Inc. *v.* United States, reappraisement R63/9022 (St. Albans).

In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *F. W. Myers & Co., Inc.* v. *United States* (52 Cust. Ct. 550, Reap. Dec. 10750), the court found and held that constructed value, as that value is defined in section 402(d), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for the determination of the value of the merchandise here in question and that such value was equal to the entered value herein.