BEFORE JUDGE WATSON, MARCH 14, 1968

**No. R68/20.**—Mantell Export Co. *v.* United States, reappraisements R65/11140, etc. (New York).

In accordance with stipulation of counsel that the issues and merchandise involved herein are the same in all material respects as those in *Mantell Export Company* v. *United States* (58 Cust. Ct. 662, R.D. 11290), the court found and held that export value, as that value is defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, was the proper basis for the determination of the value of the unlacquered second-quality wooden coat hangers and that such value in each case was $99 per thousand, less the pro rata share of the items of ocean freight and marine insurance as invoiced.

BEFORE CHIEF JUDGE RAO, MARCH 28, 1968

**No. R68/21.**—Lollytogs, Ltd. *v.* United States, reappraisements R64/22547, etc. (New York).

In accordance with stipulation of counsel that the merchandise and issues involved herein are the same in all material respects as those in *Lollytogs, Ltd.* v. *United States* (55 Cust. Ct. 608, Reap. Dec. 11073), the court found and held that export value, as that value is defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for the determination of the value of the merchandise (children's wearing apparel) and that such value is the appraised unit value, net packed, less the commission of Swedish Trading Co., Ltd., of Hong Kong as indicated on the invoices.

BEFORE JUDGE WATSON, APRIL 4, 1968

**No. R68/22.**—Mantell Export Co. *v.* United States, reappraisements R66/7018, etc. (New York).

In accordance with stipulation of counsel that the issues and merchandise involved herein are the same in all material respects as those in *Mantell Export Company* v. *United States* (58 Cust. Ct. 662, R.D. 11290), the court found and held that export value, as that value is defined in section 402(b), Tariff Act of 1930, as amended by

the Customs Simplification Act of 1956, was the proper basis for the determination of the value of the unlacquered second-quality wooden coat hangers and that such value was $101 per thousand, less the pro rata share of the items of ocean freight and marine insurance premium as invoiced.

BEFORE CHIEF JUDGE RAO, APRIL 4, 1968

**No. R68/23.**—Shalom & Co. *v.* United States, reappraisements R61/11916, etc. (New York).

In accordance with stipulation of counsel that the issues and relevant facts are the same in all material respects as those in *Shalom Baby-Wear, Inc.* v. *United States* (54 Cust. Ct. 526, Reap. Dec. 10905), the court found and held that export value, as that value is defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for the determination of value of the various cotton articles in issue and that such value is the appraised value, less the buying commission as stated on the invoices.

BEFORE JUDGE WATSON, JUNE 20, 1968

**No. R68/24.**—Dana Parfumes Corp. *v.* United States, reappraisement R67/4966 (New York).

In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *Gehrig Hoban & Co., Inc.* v. *United States* (57 Cust. Ct. 727, A.R.D. 210), the court found and held that cost of production, as that value is defined in section 402a(f), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for the determination of the value of the "Canoe" cologne here involved and that such value is as stated in schedule "B," said schedule "B" being attached to and made a part of the decision, plus the *pro rata* share of the cost of packing as indicated on the invoices.

**No. R68/25.**—Parfumes Dana Export Co. *v.* United States, reappraisements R62/123, etc. (New York).

In accordance with stipulation of counsel that the merchandise and issues are the same in all material respects as those in *Gehrig Hoban & Co., Inc.* v. *United States* (57 Cust. Ct. 727, A.R.D. 210), the court found and held that cost of production, as that value is defined in section 402a(f), Tariff Act of 1930, as amended by the Customs Simpli-