BEFORE JUDGE WATSON, NOVEMBER 7, 1968

**No. R68/40.**—Dana Perfumes Corp. *v.* United States, reappraisements R68/10251 and R68/11477 (New York).

In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *Gehrig Hoban & Co., Inc.* v. *United States* (57 Cust. Ct. 727, A.R.D. 210), the court found and held that cost of production, as that value is defined in section 402a(f), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for the determination of the value of the "Canoe" cologne here involved and that such value per bottle of the involved merchandise is as stated in schedule "B," said schedule "B" being attached to and made a part of the decision, plus the pro rata share of the cost of packing as indicated on the invoices.

BEFORE JUDGE WATSON, NOVEMBER 14, 1968

**No. R68/41.**—Lilli Ann Corporation *v.* United States, reappraisements R62/8355, etc. (San Francisco).

In accordance with stipulation of counsel that the issues and facts are the same in all material respects as those in *Stockheimer & Harder* and *American Foreign Industries, Inc.* v. *United States* (58 Cust. Ct. 801, A.R.D. 218), the court found and held that cost of production, as that value is defined in section 402(f), Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise involved herein and that such values were the appraised unit values, noted in red ink, less 10 percent.