(R.D. 11742)

DANA PERFUMES CORP. *v.* UNITED STATES

(Decided May 5, 1971)

*Barnes, Richardson & Colburn* (*Norman C. Schwartz* and *Hadley S. King* of counsel) for the plaintiff.

*L. Patrick Gray, III,* Assistant Attorney General (*Bernard J. Babb*, trial attorney), for the defendant.

WATSON, Judge: This appeal for reappraisement places in issue the amount of general expenses utilized by the appraising official in computing the cost of production of the importation pursuant to section 402a(f) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

The parties have entered into a stipulation of the facts of this case which states as follows:

(1) That this appeal is limited to the merchandise described on the invoices as "Canoe Cologne 3 11/16 oz., No. 8228" and is abandoned as to all other merchandise.

(2) That the said cologne was entered, or withdrawn from warehouse, for consumption after the effective date (February 27, 1958) of Section 6(a) of the Customs Simplification Act of 1956; and is identified on the Final List (T.D. 54521) published by the Secretary of the Treasury in accordance therewith, as "Perfumery,

including cologne and toilet waters, containing alcohol"; that the said merchandise was accordingly appraised under the provisions of Section 402a of the Tariff Act of 1930 as amended by the Customs Simplification Act.

(3) That the merchandise was appraised under statutory cost of production as defined in Section 402a(f), Tariff Act of 1930 as amended; that neither party challenges the said basis of appraisement.

(4) That during all relevant times prior to the exportation of the instant merchandise, identical merchandise produced by the manufacturer herein, Parfums Dana S.A.R.L., Neuilly-sur-Seine, France, was offered for sale for domestic consumption in France as "Canoe Cologne No. 228."

(5) That the appraised cost of production under said Section 402a(f) was computed in the following manner, in French francs per bottle:

(a) Materials, fabrication, manipulation and other processing, section 402(f)(1) _____ 0. 66
(b) General expenses, Section 402a(f)(2) _____ 1. 07
(c) Total of (a) and (b) _____ 1. 73
(d) Profit, section 402a(f)(4) _____ 1. 67
(e) Total, excluding packing_____ 3. 40
(f) Packing, section 402a(f)(3) _____ as invoiced

(6) That the amount for materials, fabrication, manipulation and other processing stated in Paragraph 5(a) above represents the appraiser's determination of the actual cost of materials, fabrication, manipulation, and other processing, as such terms are used in Section 402a(f)(1), when producing the involved Canoe Cologne No. 228 for exportation to the United States.

(7) That the amount for general expenses stated in Paragraph 5(b) above was derived by the appraiser by multiplying the said figure of 0.66 French francs for materials, fabrication, manipulation and other processing, set forth in Paragraph 5(a) above, by 161.9%; that the said factor utilized by the appraiser of 161.9% in deriving the general expenses represents the amount added by the manufacturer for general expenses when producing identical merchandise referred to in Paragraph (4), above for sale in the French domestic market.

(8) That the amount for profit specified in Paragraph 5(d) above of 1.67 French francs was derived by the appraiser by multiplying the total of materials, fabrication, manipulation and other processing, plus the general expenses, such total as specified in paragraph 5(c) above, by 96.7%, based upon the profit actually realized on sales by the manufacturer when producing for exportation to the United States: that plaintiff does not dispute that the said factor of 96.7% is the correct percentage to be added for profit to the total of materials, fabrication, manipulation and

other processing, plus usual general expenses, as determined by the court.

(9) That the appraiser's determination of the said amount for profit of 96.7% was arithmetically derived from his determination of the actual cost of production of the involved merchandise when producing said identical cologne during 1966 for exportation to the United States, as follows (in French francs per bottle) :

Canoe Cologne No. 8228

| Materials, Fabrication, Manipulation and other Processing | General Expenses | Profit | Cost of Packing | Total Net Cost |
|---|---|---|---|---|
| 0.66 | 0.56 | 1.18 | 0.03 | 2.43 |

(10) That this stipulation may be received in evidence herein as plaintiff's exhibit 1.

The record in *Gehrig Hoban & Co., Inc.* v. *United States*, 57 Cust. Ct. 727, A.R.D. 210 (1966), has been incorporated herein. Aside from the above stipulation the exhibits in the case consist of the affidavit of Jacques Paligot [1] and a letter from the attorneys for the plaintiff to the import specialist which accompanied the above affidavit and contains certain calculations of the cost of production of various importations covered by this appeal for reappraisement.

The import specialist who computed the appraised values herein, testified that in making his advisory appraisement he utilized only the data contained in the above described affidavit and letter. It was stipulated between the parties that this advisory appraisement was adopted as the official appraised value.

The stipulation between the parties and the evidence of record narrows the issues to a choice between two established sums for the usual general expenses; that utilized by the appraiser and derived from a percentage for general expenses usual in producing identical merchandise for sale in the French domestic market and that which represented the actual general expenses incurred in the production of the importation. As set forth in paragraph 7 of the stipulation, the former was utilized by the appraiser as the element of general expenses in cost of production. As set forth in paragraph 9 of the stipulation, the latter was utilized solely for the purpose of generating the percentage which the amount for profit represented vis-a-vis the general expenses and cost of materials and fabrication of the importation.

I read this stipulation as establishing for the purpose of this trial, that the actual general expenses incurred in the production of Cologne

---

[1] Mr. Paligot is identified in the incorporated case as the general secertary of the manufacturer "Parfums Dana, S.A.R.L.".

No. 8228 was 0.56 French francs, while the general expenses incurred in the production of the identical merchandise for sale in the French domestic market was 161.9% of the cost of materials and fabrication or 1.07 French francs in the case of the disputed merchandise.

The legal question thus presented is a straightforward one, whether in computing the cost of production it is proper to utilize the general expenses incurred in producing the identical merchandise for domestic consumption rather than the general expenses incurred in producing the merchandise for exportation.

I am of the opinion the relevant case law establishes clearly that the general expenses to be included in the cost of production under section 402 of the Tariff Act of 1930 are those incurred in producing the merchandise in question for exportation and that it was improper for the appraising official herein to derive his amount for general expenses by a computation valid only for articles produced for sale in the French domestic market. The most recent analysis of this subject by the court is the case of *C. J. Tower & Sons of Buffalo, Inc.* v. *United States*, 65 Cust. Ct. 792, A.R.D. 277, 318 F. Supp. 768 (1970) (appeal pending). In that case the court discussed at length the propriety of including certain costs of warranty, billing expense and advertising expense in the constructed value of exported automobiles despite the fact that such expenses were not incurred by the manufacturer in connection with those exported.

The court therein stated:

> * * * It would seem clear that Congress, in the cost of production statute, was making provision for the *imported* merchandise, which is the *particular merchandise* undergoing appraisement. This conclusion, as to the purpose and intendment of the statute, finds support in the following statement of both the Ways and Means Committee of the House of Representatives, and the Finance Committee of the Senate, dealing with the cost of production provisions of the Tariff Act of 1930:
>
>> " 'Cost of production' is the cost of producing the *imported article* abroad, with an addition for profit." H. Rep. No. 7, 71st Cong., 1st Sess., on H.R. 2667, at page 167 (May 9, 1929) ; S. Rep. No. 37, 71st Cong., 1st Sess., on H.R. 2667, at page 69 (Sept. 4, 1929).
>
> Since Congress contemplated the "cost of producing the imported merchandise", what is the explanation or justification for the use of costs, or items of costs, not incurred in producing the *imported* merchandise, but which were incurred in the production of merchandise for the home market? [Emphasis added in original.]

It is clear in a long time of cases that particular costs not incurred in the production of the exported merchandise are not includable in the cost of production provision of the Tariff Act of 1930. *United*

*States* v. *Ford Motor Company*, 46 Cust. Ct. 735, A.R.D. 124 (1961); *United States* v. *Alfred Dunhill of London, Inc.*, 32 CCPA 187, C.A.D. 305 (1945); *Gehrig Hoban & Co., Inc.* v. *United States, supra; Stockheimer & Harder, et al.* v. *United States*, 58 Cust. Ct. 801, A.R.D. 218 (1967). All of these cases, disapproving of the inclusion in cost of production of costs not incurred in the production of the exported merchandise, support the view that the cost of production statute speaks to the cost of production for exportation alone.

Defendant contends that even assuming the law requires the use of the cost of production for exportation, plaintiff has failed to prove the element of general expenses incurred in such production. I am of the opinion, however, that the general expenses for exportation are contained in the stipulation as a clear alternative to the general expenses utilized by the appraiser. In addition, I accept the general expenses for exportation as set forth in the affidavit of Mr. Paligot. This sum was established as 0.56 French francs. It was error for the appraising official, having this figure before him, to utilize it only in the computation of the profit percentage and then discard it for use as the sum of general expenses. The stipulation makes it plain that the appraising official was fully cognizant that the figure of 0.56 French francs represented the general expenses incurred in the production of the disputed merchandise for exportation. He erred in not using it consistently, both for the computation of the profit and as the sum of general expenses in his computation of the cost of production of the importation.

In accordance with the above, the cost of production of the disputed merchandise must be recomputed with the general expenses represented by the sum of 0.56 French francs and the profit computed as a percentage of 96.7% of the sum of said general expenses and cost of materials and fabrication.

In light of the above, I make the following findings of fact:

1. The merchandise covered by this appeal for reappraisement consists of "Canoe" Cologne No. 8228 exported from France on or about March 4, 1967.

2. That said merchandise appears on the final list of the Secretary of the Treasury, T.D. 54521.

3. The merchandise was appraised on the basis of cost of production as defined in section 402a(f) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

4. The identical merchandise is sold for domestic consumption in France as Canoe Cologne No. 228.

5. The cost of materials and fabrication of the imported merchandise is 0.66 French francs per bottle.

6. The usual general expenses in the case of such merchandise incurred in their production for exportation was 0.56 francs per bottle.

7. The profit usually added in the manufacture of this merchandise is the sum of 1.18 francs per bottle representing 96.7% of the cost of materials, fabrication and usual general expenses.

8. The cost of packing of said merchandise is 0.03 francs per bottle.

In conjunction with the above, I reach the following conclusions of law:

1. Cost of production as defined in section 402a(f) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis of appraisement of the merchandise involved herein.

2. The usual general expenses as defined in section 402a(f)(2) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, are those incurred in the production of the merchandise for exportation to the United States.

3. The cost of production of the involved merchandise as computed from the elements set forth in the findings of fact is 2.43 French francs per bottle for the Cologne No. 8228.

4. This appeal is dismissed with regard to all other merchandise.

Judgment will be entered accordingly.