**UNITED STATES**

v.

**DANA PERFUMES CORP.**

A.R.D. 320;  Reappraisement R68/1631.

United States Customs Court,
Second Division, Appellate Term.
Jan. 30, 1974.

Irving Jaffe, Acting Asst. Atty. Gen. (Bernard J. Babb, New York City, trial atty.), for appellant.

Barnes, Richardson & Colburn, New York City (Hadley S. King, New York City, of counsel), for appellee.

Before RAO, FORD and NEWMAN, Judges.

FORD, Judge.

The instant application was filed by the Government for a review of the decision and judgment of a trial judge sitting in reappraisement reported in Dana Perfumes Corp. v. United States, 66 Cust.Ct. 568, R.D. 11742 (1971),

wherein appellee's claimed dutiable value was sustained. The merchandise is described on the invoice as Canoe cologne No. 8228. Such merchandise having been set forth on the final list, T.D. 54521, was subject to appraisement under section 402a, Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, and specifically under section 402a (f), cost of production, and was appraised at 3.40 French francs, plus packing.

Appellee does not dispute the basis of appraisement but contends the proper dutiable value should be 2.43 French francs, net packed. The difference in the values is based upon the amounts utilized for general expenses and profit as prescribed in section 402a(f), *supra*.

The pertinent statutory provisions involved provide as follows:

Section 402a(f), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956:

(f) Cost of Production.—For the purpose of this title the cost of production of imported merchandise shall be the sum of—

(1) The cost of materials of, and of fabrication, manipulation, or other process employed in manufacturing or producing such or similar merchandise, at a time preceding the date of exportation of the particular merchandise under consideration which would ordinarily permit the manufacture or production of the particular merchandise under consideration in the usual course of business;

(2) The usual general expenses (not less than 10 per centum of such cost) in the case of such or similar merchandise;

(3) The cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the particular merchandise under consideration in condition, packed ready for shipment to the United States; and

(4) An addition for profit (not less than 8 per centum of the sum of the amounts found under paragraphs (1) and (2) of this subdivision) equal to the profit which ordinarily is added, in the case of merchandise of the same general character as the particular merchandise under consideration, by manufacturers or producers in the country of manufacture or production who are engaged in the production or manufacture of merchandise of the same class or kind.

The record consists of a stipulation of the parties received in evidence as plaintiff's exhibit 1, two documentary exhibits received as exhibit 2 and collective exhibit 3, the testimony of the import specialist, and the incorporation of the record in Gehrig Hoban & Co., Inc. v. United States, 57 Cust.Ct. 727, A.R.D. 210 (1966).

The stipulation, plaintiff's exhibit 1, reads as follows:

(1) That this appeal is limited to the merchandise described on the invoices as "Canoe Cologne 3¹¹/₁₆ oz., No. 8228" and is abandoned as to all other merchandise.

(2) That the said cologne was entered, or withdrawn from warehouse, for consumption after the effective date (February 27, 1958) of Section 6(a) of the Customs Simplification Act of 1956; and is identified on the Final List (T.D. 54521) published by the Secretary of the Treasury in accordance therewith, as "Perfumery, including cologne and toilet waters, containing alcohol"; that the said merchandise was accordingly appraised under the provisions of Section 402a of the Tariff Act of 1930 as amended by the Customs Simplification Act.

(3) That the merchandise was appraised under statutory cost of production as defined in Section 402a(f), Tariff Act of 1930 as amended; that neither party challenges the said basis of appraisement.

(4) That during all relevant times prior to the exportation of the in-

stant merchandise, identical merchandise produced by the manufacturer herein, Parfums Dana S.A.R.L., Neuilly-sur-Seine, France, was offered for sale for domestic consumption in France as "Canoe Cologne No. 228."

(5) That the appraised cost of production under said Section 402a(f) was computed in the following manner, in French francs per bottle:

(a) Materials, fabrication, manipulation and other processing, section 402(f)(1) ........0.66

(b) General expenses, Section 402a(f)(2) .................1.07

(c) Total of (a) and (b)......1.73

(d) Profit, section 402a(f)(4).1.67

(e) Total, excluding packing..3.40

(f) Packing, section 402a(f)

(3) ......................as invoiced

(6) That the amount for materials, fabrication, manipulation and· other processing stated in Paragraph 5(a) above represents the appraiser's determination of the actual cost of materials, fabrication, manipulation, and other processing, as such terms are used in Section 402a(f)(1), when producing the involved Canoe Cologne No. 228 for exportation to the United States.

(7) That the amount for general expenses stated in Paragraph 5(b) above was derived by the appraiser by multiplying the said figure of 0.66 French francs for materials, fabrication, manipulation and other processing, set forth in Paragraph 5(a) above, by 161.9%; that the said factor utilized by the appraiser of 161.9% in deriving the general expenses represents the amount added by the manufacturer for general expenses when producing identical merchandise referred to in Paragraph (4), above for sale in the French domestic market.

(8) That the amount for profit specified in Paragraph 5(d) above of 1.67 French francs was derived by the appraiser by multiplying the total of materials, fabrication, manipulation and other processing, plus the general expenses, such total as specified in paragraph 5(c) above, by 96.7%, based upon the profit actually realized on sales by the manufacturer when producing for exportation to the United States; that plaintiff does not dispute that the said factor of 96.7% is the correct percentage to be added for profit to the total of materials, fabrication, manipulation and other processing, plus usual general expenses, as determined by the court.

(9) That the appraiser's determination of the said amount for profit of 96.7% was arithmetically derived from his determination of the actual cost of production of the involved merchandise when producing said identical cologne during 1966 for exportation to the United States, as follows (in French francs per bottle):

Canoe Cologne No. 8228

| Materials, Fabrication, Manipulation and other Processing | General Expenses | Profit | Cost of Packing | Total Net Cost |
|---|---|---|---|---|
| 0.66 | 0.56 | 1.18 | 0.03 | 2.43 |

(10) That this stipulation may be received in evidence herein as plaintiff's exhibit 1.

Import specialist, Price, identified plaintiff's exhibit 2 as an affidavit of Jacques Paligot, which was produced pursuant to a subpoena duces tecum and received for the purpose of establishing receipt of the document. Plaintiff's collective exhibit 3, a letter indicating enclosure of plaintiff's exhibit 2 together with a schedule containing elements of

costs, was the only information he had before him at the time the advisory appraisement was made by him. Parties stipulated that the advisory appraisement was adopted as the appraised value.

According to the schedule attached to the affidavit of Jacques Paligot (exhibit 2), which was before the appraiser at the time of appraisement, and the stipulation, it appears that—

(1) the cost of production in French francs per bottle of identical merchandise sold for home consumption in France was alleged to be:

| Materials & Fabrication | Usual General Expenses (overheads) | Profit | Packing Expenses | Total Net |
|---|---|---|---|---|
| 1.76 | 2.85 [161.9% of 1.76] | 0.95 | 0.03 | 5.59 |

(2) the cost of production in French francs per bottle of the merchandise exported to the United States was alleged to be:

| Materials & Fabrication | Usual General Expenses (overheads) | Profit | Packing Expenses | Total Net |
|---|---|---|---|---|
| 0.66 | 0.56 | 1.18 [96.7% of 0.66 + 0.56] | 0.03 | 2.43 |

The merchandise was appraised as follows:

| Materials & Fabrication | Usual General Expenses | Profit | Total | Packing |
|---|---|---|---|---|
| 0.66 | 1.07 [161.9% of 0.66] | 1.67 [96.7% of 0.66 + 1.07] | 3.40 | as invoiced |

---

■ The trial court was correct in holding that the amount utilized by the appraising official for general expenses was improper. The percentage of general expenses based upon the actual expense for the production of identical merchandise for sale in the domestic market as set forth in paragraph 7 of the stipulation is not in accordance with the well-settled principle of law which requires under these circumstances the cost for producing the article for export not domestic consumption. United States v. C. J. Tower & Sons of Buffalo, Inc., 60 CCPA 46, C.A.D. 1079, 470 F.2d 1393 (1972), and cases cited therein. Since the appraiser's general expense figure is erroneous, the profit figure is also erroneous.

■ Notwithstanding the fact that the appraising officer has the actual cost of production figures for export to the United States and his method of appraisement is set forth in the stipulation, it is not a substitute for the proof required under section 402a(f). The statutory provisions for general expenses and profit utilize language requiring proof. Actual expenses and profit may of course be utilized where the evidence establishes facts such as, no other manufacturers, failure on part of other manufacturers to maintain records, refusal of manufacturers to disclose such information and costs not incurred for domestic consumption but involved for export, etc. United States v. Henry Maier, 18 CCPA 409, T.D. 44679 (1931); United States v. Jovita Perez, 36 CCPA 114, C.A.D. 407 (1949); United States v. Henry Maier, 21 CCPA 41, T.D. 46378 (1933); United States v. Berben Cor-

poration, 49 Cust.Ct. 497, A.R.D. 147 (1962); Oscar E. Eggen v. United States, 57 Cust.Ct. 736, A.R.D. 212 (1966), aff'd, 55 CCPA 95, C.A.D. 939 (1968); Kay Pee Import Export Co. v. United States, 56 Cust.Ct. 696, R.D. 11164 (1966); A. N. Deringer, Inc. v. United States, 53 CCPA 135, C.A.D. 890 (1966).

Appellant contends, and correctly so, that the record is barren of evidence which would establish the usual general expenses of such or similar merchandise. The record also does not contain evidence which would show a profit "equal to the profit which is ordinarily added, in the case of merchandise of the same general character * * * by manufacturers or producers in the country of manufacture or production who are engaged in the production or manufacture of merchandise of the same class or kind."

In the absence of evidence which would permit the use of actual costs, the importer must establish by credible evidence the required statutory information. The fact that the appraiser, in determining profit, utilized the general expense figure derived from the actual cost of production figures for export sales does not establish that figure as the "usual general expenses" as required by section 402a(f)(2) since it represents the actual general expenses for export. See United States v. Control Data Corporation, 69 Cust.Ct. 274, A.R.D. 310, 352 F.Supp. 1392 (1972) (opinion by Newman, J., points 2 and 3), appeal pending.

In view of the disparity between the general expenses attributed to cost of production in the home market and that for export, an explanation or accounting therefor or other evidence establishing that the claimed figure represents the usual general expenses for such or similar merchandise is required. Such evidence is lacking and since the appraised value relating to general expenses was arrived at contrary to law, the court therefore reverses the decision of the trial court and remands the matter for further evidence which would permit a proper finding of value of cost of production.

Judgment will be entered accordingly.