DANA PERFUMES CORP., Appellant,

v.

The UNITED STATES, Appellee.

The UNITED STATES, Appellant,

v.

DANA PERFUMES CORP., Appellee.

Customs Appeal Nos. 75–9, 75–10.

United States Court of Customs
and Patent Appeals.

Nov. 13, 1975.

Barnes, Richardson & Colburn, New York City, attorneys of record, Hadley S. King, James Caffentzis, New York City, of counsel, and for appellant-cross appellee.

Carla A. Hills, Asst. Atty. Gen., Rex E. Lee, Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Max F. Schutzman, New York City, for appellee-cross appellant.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

MARKEY, Chief Judge.

This appeal is from the judgment of the Second Division, Appellate Term, of the United States Customs Court, 72 Cust.Ct. 283, A.R.D. 320, 383 F.Supp. 828 (1974), reversing the judgment of a single trial judge sitting in reappraisement (66 Cust.Ct. 568, R.D. 11742 (1971)) and remanding the case for further evidence "which would permit a proper finding of value of cost of production." The United States appeals from that portion of the Appellate Term's judgment which remanded the case. Dana Perfumes

Corp. (Dana) appeals from that portion of the Appellate Term's judgment reversing the judgment of the trial judge in its favor. We reverse with respect to the remand and affirm in all other respects.

## Facts

The facts were stipulated. The imported merchandise is a cologne distributed domestically in France and exported to the United States. The basis of appraisement was cost of production, defined in section 402a(f) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956 (19 U.S.C. § 1402(f)).* The government's calculation of appraised value involved an amount measured by the general expenses incurred in manufacture of cologne for domestic sales in France, rather than those incurred in manufacture for export. The amount for profit was calculated by applying the profit percentage experienced in export sales to the sum of the amount of general expenses so measured and the amount for materials, fabrication, manipulation, and other processing involved in manufacture for export. Hence, the appraised value was calculated from amounts involved both in manufacture for domestic consumption in France and in manufacture for export.

## Opinions Below

Upon application for review, the Appellate Term held that the trial court

was correct in holding the appraiser's calculation of the amount for general expenses to have been contrary to law and the amount for profit, having been based thereon, to have been erroneous. The Appellate Term pointed out that the law requires, in determining the cost of production, that the amount for general expenses include those expenses incurred in producing the cologne for export, not those incurred for domestic consumption.

Nevertheless, the Appellate Term, holding that the record lacked evidence by Dana establishing the general expenses and profit elements of cost of production specified in the statute, reversed the finding of the trial court to the contrary and remanded for further evidence.

## OPINION

The primary issue before us is whether Dana established, by credible evidence, that its proposed values used to determine usual general expenses and profit ordinarily added, the amounts of which are alone in dispute, are the proper values to be used. The second issue is the propriety of the remand for further evidence if we find that Dana has not established proper values.

■ Dana contends that the appraisement, based on the government's figures for these elements, is excessive. However, attached to such appraisement is a statutory presumption of correctness. 28 U.S.C. § 2635. Importers bear in such cases the dual burden of proving the ap-

---

* (f) Cost of production.—For the purpose of this subtitle the cost of production of imported merchandise shall be the sum of—

  (1) The cost of materials of, and of fabrication, manipulation, or other process employed in manufacturing or producing such or similar merchandise, at a time preceding the date of exportation of the particular merchandise under consideration which would ordinarily permit the manufacture or production of the particular merchandise under consideration in the usual course of business;

  (2) The usual general expenses (not less than 10 per centum of such cost) in the case of such or similar merchandise;

  (3) The cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the particular merchandise under consideration in condition, packed ready for shipment to the United States; and

  (4) An addition for profit (not less than 8 per centum of the sum of the amounts found under paragraphs (1) and (2) of this subdivision) equal to the profit which ordinarily is added, in the case of merchandise of the same general character as the particular merchandise under consideration, by manufacturers or producers in the country of manufacture or production who are engaged in the production or manufacture of merchandise of the same class or kind.

praiser's calculation erroneous and of establishing their proposed value as the correct dutiable value of the merchandise. *Millmaster International, Inc. v. United States,* C.A.D. 987, 427 F.2d 811, 57 CCPA 108 (1970).

■■ Dana contends that the record establishes the correct dutiable value herein. Reliance is placed primarily on an affidavit containing a statement of Dana's actual general expenses for the exported cologne. Assuming the accuracy of the actual general expenses set forth in the affidavit, Dana must also establish those actual expenses as "usual." It is only when the record establishes that an importer has made a diligent but unsuccessful effort to ascertain the expenses of other manufacturers of such or similar merchandise, in the country of exportation, that a court will accept the actual as the usual general expenses. *United States v. Jovita Perez,* C.A.D. 407, 36 CCPA 114 (1949). On the record before us, Dana has made no such effort.

■ The Appellate Term remanded "for further evidence" on the apparent basis of its finding that the appraised value was arrived at contrary to law. We find no basis for distinguishing among the reasons underlying the incorrectness of an appraised value. Whatever such reasons may be, Dana's burden of establishing correctness of its proposed value remains undiminished. Dana had its day in court and a full opportunity of establishing its case. We find nothing in the record which would entitle Dana, having failed to carry its burden at trial, to a second try. Hence the remand must be reversed.

Accordingly, the judgment of the Appellate Term is *reversed* with respect to the remand and *affirmed* in all other respects.