(REAP. DEC. 9468)

UNITED STATES *v.* H. A. GOGARTY, INC., A/C A. H. WALTER & CO., INC.

Entry No. 806194.

(Order dated June 17, 1959)

*Warren E. Burger*, Assistant Attorney General (*Richard E. FitzGibbon*, trial attorney), for the plaintiff.
*Barnes, Richardson & Colburn* (*Hadley S. King* and *E. Thomas Honey* of counsel) for the defendant.

DONLON, Judge: This appeal is before the court on petition of the United States, which has asked for reappraisement of certain chocolate and confectionery imported from Holland on November 13, 1956.

The official papers are in evidence. The parties have stipulated certain facts, as follows:

IT IS HEREBY STIPULATED AND AGREED by the undersigned, subject to the approval of the court, that at the time of exportation of the involved merchandise, such or similar merchandise was not being freely offered for sale for home consumption in Germany or for export to the United States, or for sale in the United States, in accordance with the provisions of Section 402(c), (d) and (e) of the Tariff Act of 1930 as amended.

That at the time of exportation thereof, the cost of production of such merchandise, as defined in Section 402(f) of said Act, was as follows: The invoiced unit values of each item less proportionate share of invoiced inland freight, loading charges, sea freight, bills of lading and insurance.

The appeal is submitted for appraisement on the record thus developed.

The first paragraph of the stipulation sets forth facts on the basis of which it is possible to rule out, as a matter of law, foreign value, export value, and United States value as the basis of appraisement. No one of those bases is applicable to this merchandise, on the facts of record. Therefore, the merchandise is to be appraised, under the law, on the basis of cost of production of such or similar merchandise in Holland, and the trial judge is to find from the facts of record the components of cost of production that have been prescribed by Congress in section 402(f).

These components, briefly stated, are (1) cost of materials and of manufacture, (2) usual general expenses, (3) cost of containers and all expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, and (4) an addition for profit.

These components have not been stipulated or otherwise proved. It is stipulated that "invoiced unit values" are to be reduced by a "proportionate share" of certain charges which, under the law, are clearly not included in cost of production. These charges, as shown in the official papers, are as follows:

| | |
|---|---|
| Inland freight | $68.00 |
| Loading charges | 5.45 |
| Sea freight | 457.07 |
| Bills of lading | 1.50 |
| Insurance | 54.20 |
| | $586.22 |

The only other costs that are identified in the official papers are:

Packing _____ $1, 644. 90
Sugar excise_____ 273. 37
                                                                  _____
                                                                  $1, 918. 27

Packing is such a cost as Congress contemplated in the third category of value components to be found by the court in appraising merchandise on the basis of cost of production. It is an element of such cost.

The "sugar excise" is not fully identified. In the official papers, there is a statement as follows:

> Sugar excise amounting to U.S. $273.37 is included in the invoice price and refunded upon exportation.

Whether it was, then, a part of the cost of production, would seem to involve a question of law. Stipulation is not acceptable as to issues of law inherent in an appeal to reappraisement.

Nor is there any evidence whatsoever as to (1) cost of materials and of manufacture, or (2) usual general expenses, or (3) expenses other than packing incident to placing the merchandise in condition, packed ready for shipment to the United States, or (4) the appropriate addition for profit.

The parties have cut through the statutory components of cost which the court is required to find, and without proof of facts ask the court to accept their conclusion of law as well as of fact.

In the recent appeal of the United States from the decision of a single judge in reappraisement, *United States* v. *A. N. Deringer, Inc.*, 42 Cust. Ct. 711, A.R.D. 102, the Government argued that cost of production value was not supported by evidence when the value component allowable for general expenses under subparagraph (2) of section 402(f) was proved as one sum. The Government further argued, from that premise, that plaintiff had not borne its burden of proof and, hence, the value found by the appraiser remained presumptively correct.

Citing *Philipp Wirth* v. *United States*, 23 C.C.P.A. (Customs) 283, we rejected the Government's argument, holding that a plaintiff in reappraisement sufficiently meets its burden of proof if it shows and *itemizes the four elements* which are separately enumerated in subparagraphs (1) to (4), inclusive, of section 402(f).

The *Gevaert Co. of America, Inc.* v. *United States*, Reap. Circ. 3128, held that proof of a gross sum as the cost of production, no such itemization as that which section 402(f) requires having been made, was insufficient to prove cost of production.

In the *Deringer* case, *supra*, we pointed out the special nature of the responsibility which Congress has imposed on this court in reappraisement appeals.

The duty of the court in appeals to reappraisement is not, as in most litigation, judgment as between the parties with respect to controverted issues. However difficult it may be and often is to arrive at such judgment, Congress has laid on the court a different burden in appeals to reappraisement, that of ascertaining and determining what the value of merchandise is for purposes of tariff and related exactions. This may turn out to be the value which the appraiser found, or it may be the value claimed by the importer; but, also, it may be some other value, different from either. What is important is that the court has to find a value and to state the facts on which that finding is made, and for this purpose there must be proofs.

I find that there is neither a foreign value nor an export value nor a United States value for this merchandise.

The only facts shown of record as to cost of production do not conform to the statutory plan for determining such cost, as enacted by Congress. I find plaintiff's proofs insufficient to overcome the presumption that the appraiser's valuation was correct.

In the interest of justice, submission is set aside and the case restored to trial calendar in order that plaintiff may have the opportunity of adducing necessary proofs, either by stipulation or otherwise.

It is so ordered.