**MELO–SONICS CORPORATION** and
Southwest Oil Corporation,
Appellants,

v.

**David CROPP, Chalmers C. Jordan, Robert W. Lingo and Glass-Tite Industries, Inc.**

No. 14921.

United States Court of Appeals
Third Circuit.

Argued Oct. 9, 1964.

Decided March 9, 1965.

Robert P. Garbarino, Crumlish & Kania, Philadelphia, Pa. (Donald W. Grieshober, Blackmore & Grieshober, Erie, Pa., on the brief), for appellants.

William F. Illig, Gifford, Graham, Mac-Donald & Illig, Erie, Pa. (John F. Potter, Erie, Pa., on the brief), for appellees David Cropp, Chalmers C. Jordan and Robert W. Lingo.

Walter T. McGough, Reed, Smith, rick E. Dressler, Cummings & Lockwood, Shaw & McClay, Pittsburgh, Pa. (G. Donald Gerlach, Pittsburgh, Pa., Pat-Stamford, Conn., on the brief), for appellee Glass-Tite Industries, Inc.

Before KALODNER, GANEY and FREEDMAN, Circuit Judges.

GANEY, Circuit Judge.

This matter is now before the Court on an appeal from the lower court's order granting the individual defendants' motion to dismiss the complaint for failure to state a cause of action against them.

This Court has jurisdiction of the case by virtue of the diversity of citizenship of the parties, the plaintiffs, Melo-Sonics Corporation and Southwest Oil Corporation, being corporations existing and organized under the laws of the State of Delaware, having their principal place of business and offices in the State of Delaware. Prior to filing this cause of action, the name of the plaintiff, Melo-Sonics Corporation, was changed from Southwest Oil Corporation to Melo-Sonics Corporation, Southwest Oil Corporation being a wholly owned subsidiary of plaintiff, Melo-Sonics Corporation, and the name of the plaintiff, Southwest Oil Corporation, was changed from Southwest Oil Corporation to Melo-Sonics Corporation. The defendants, David Cropp and Robert W. Lingo, are citizens of the State of Pennsylvania, residing in Meadville, Pennsylvania. The defendant, Chalmers C. Jordan, is a citizen of Pennsylvania, residing in Saegertown, Pennsylvania. The defendant, Glass-Tite Industries, Inc., is a corporation organized and existing under the laws of the State of Rhode Island, having its principal place of business and offices in Providence, and doing business in Pennsylvania with an office and place of business in Saegertown, Pennsylvania, Glass-Tite being the successor to Saegertown Glass Seals, Inc., having assumed all assets and liabilities of the Saegertown Glass Seals, Inc., including this claim, and has succeeded to its corporate interest.

The claim involves a suit for breach by the individual defendants and inducement to breach by the corporate defendant of a contract with the plaintiffs for purchase of stock held by the defendants in Saegertown Components, Inc., L.C.B. Tool, Inc., and Allegheny Electronics, Inc., for $1,500,000, and in their complaint seek compensatory damages in the amount of $3,056,700, plus punitive and exemplary damages.

The pertinent facts concerning the alleged purchase of the stock of the defendants are as follows: Sometime prior to February 13, 1960, it would appear from the telegrams adverted to later, there was some discussion by certain representatives of Southwest Oil Corporation with the individual defendants concerning the purchase of stock of Saegertown Components, Inc., L.C.B. Tool, Inc.,—all of the outstanding stock being owned by the individual defendants—as well as for their 42 per cent stock interest in Allegheny Electronics, Inc. On that date one Vincent Pepicelli, on behalf of the individual defendants, telegraphed Arthur Kania, attorney for the Southwest Oil Corporation, as follows:

"SVC MEADVILLE PENN 1960 FEB 13
 PM 4 34

YR P HMA019 327 PME RD AND RE-PEAT BACK ARTHUR J. KANIA ATTY AT LAW 7131 RIDGE AVE BGD VINCENT J. PEPICELLI ATTY FOR 3 SELLING STOCK-HOLDERS QUOTE THE OFFER OF SOUTH-WEST OIL CORPORATION TO PURCHASE CAPITAL STOCK OF MY THREE CLIENTS IN SAEGERTOWN COMPONENTS, INC.

L.C.B. TOOL CO. INC. AND ALLEGHENY ELECTRONICS, INC. IS NOT ACCEPTABLE AS IT READS. HOWEVER, MY THREE CLIENTS ARE WILLING TO SELL THEIR CAPITAL STOCK IN SAID CORPORATIONS FOR THE TOTAL PRICE OF ONE MILLION FIVE HUNDRED THOUSAND ($1,-500,000) DOLLARS SUBJECT TO FORMALIZING A PRELIMINARY AGREEMENT ALONG LINES PREVIOUSLY DISCUSSED. WILL BE IN YOUR OFFICE AT 10:00 AM ON FEBRUARY 15, 1960 WITH MY CLIENTS FOR PURPOSE OF FORMALIZING SUCH AN AGREEMENT. UNQUOTE.

GV PHILA 13
PS"

EXHIBIT "A"

Kania, in a reply telegram, which was undated, and sent to all of the individual defendants, but in care of David Cropp, was as follows:

"DAVID CROPP, CHALMEY JORDAN,
 ROBERT LINGO
C/O DAVID CROPP
R.D. #3
MEADVILLE, PENNA

TELEGRAPHIC OFFER BY YOUR ATTORNEY VINCENT J. PEPICELLI CONCERNING SALE OF CAPITAL STOCK OF SAEGERTOWN COMPONENTS, INC., L.C.B. TOOL CO., INC., AND ALLEGHENY ELECTRONICS, INC. AS STATED IN SAID TELEGRAM AND ALONG LINES PREVIOUSLY DISCUSSED ACCEPTED BY SOUTHWEST OIL CORPORATION. THIS ALSO CONFIRMS MEETING DATE AND TIME TO FORMALIZE AGREEMENT.

SOUTHWEST OIL CORPORATION
BY ARTHUR J. KANIA"

EXHIBIT "B"

In accordance with the terms of these two telegrams, on February 15, 1960, and thereafter, representatives of the plaintiffs met with defendants and their counsel to formalize the agreement. However, on April 5, 1960, the individual defendants notified the plaintiffs they would not conform to the agreement. Thereafter, the plaintiffs demanded full performance in accordance with the terms of the agreement alleging they were ready, willing and able to perform the terms of said agreement. Thereafter, Cropp, Jordan and Lingo, individually, and as 100 per cent owners of Saegertown Components, Inc., and L.C.B. Tool, Inc., and as 42 per cent owners of Allegheny Electronics, Inc., sold to Saegertown Glass Seals, Inc., predecessor in interest to defendant, Glass-Tite Industries, Inc., their stock for a total consideration of $4,556,700. Upon the filing of the plaintiffs' complaint, the individual defendants moved to dismiss; the corporate defendants, however, did not join as they indicated they were only secondarily liable. The court below granted the motion to dismiss before answers to certain pre-trial interrogatories filed by the plaintiff had been answered.

 In the disposition of this case, it is important to keep in mind the well-settled rule that all facts contained in the complaint and every inference fairly deducible therefrom, taking into consideration any factual information the Court can take judicial notice of, which includes the record herein, should be treated as admitted and proved, viewing the same in the light most favorable to the plaintiff. Galvin v. Jennings, 3 Cir., 289 F.2d 15; Frederick Hart & Co. v. Recordgraph Corporation, 3 Cir., 169 F.2d 580, 581. In the Hart case, supra, Judge Kalodner, speaking for this Court, stated:

"It is also well-settled that on a motion to dismiss the complaint must be viewed in the light most favorable to the plaintiff and that the complaint should not be dismissed unless it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim; further, no matter how likely it may seem that the pleader will be unable to prove his case, he is entitled, upon averring a claim, to an opportunity to try to prove it. We so held in Continental Collieries v. Shober, 3 Cir., 1942, 130 F.2d 631, 635. In Carroll v. Morrison Hotel Corp., 7 Cir.,

1945, 149 F.2d 404, 406, the rule was stated as follows: 'On a motion to dismiss on the ground that the complaint does not state a claim on which relief can be granted, the rule is that the complaint must be viewed in the light most favorable to plaintiff and the truth of all facts well pleaded, admitted, Galbreath v. Metropolitan Trust Co., 10 Cir., 134 F.2d 569. This includes facts alleged on information and belief. [This sentence italicized.] There is no specific provision covering such allegations in the Federal Rules of Civil Procedure, but Rule 8(f) states that "All pleadings shall be so construed as to do substantial justice"; consequently to refuse to give credence to them on defendants' motion to dismiss would be opposed to the spirit of the Rules.' "

■ The Court, in discussing the motion to dismiss in Leimer v. State Mutual Life Assurance Company, 8 Cir., 108 F.2d 302, 305–306, states as follows:

" * * * Such a motion, of course, serves a useful purpose where, for instance, a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted to him, or a claim which the averments of the complaint show conclusively to be barred by limitations."

Additionally, the Court stated that there was no justification for dismissing a complaint, except where it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claim.

■ Accordingly, the problem involved here is to determine whether or not, from the exchange of the telegrams involved and every inference to be drawn therefrom, there should be decided, as a matter of law by the Court, the determination as to whether a provable contract could not be made out on the allega-tions and inferences here asserted, or whether the plaintiff should have an opportunity at trial to prove the existence thereof. It would seem clear that in this regard, from the facts alleged in the complaint and the content of the exchange of the telegrams involved, that the answer to this question is that the matter should be resolved at trial when all facts and circumstances surrounding the alleged offer and acceptance are attempted to be proved. National Gas Appliance Corp. v. Manitowoc Co., 7 Cir., 311 F.2d 896.

In Roadway Express, Inc. v. General Teamsters, 330 F.2d 859, decided in this Circuit in 1964, a similar situation arose involving several proposed agreements, negotiations pursuant thereto and an alleged telegraphic acceptance. This was followed by several meetings which never eventuated in a formal agreement being executed. The District Court, 211 F. Supp. 796 there granted the motion to dismiss and on appeal this Court held that, "But whether Roadway believed or should not have believed there was an agreement was a question of fact to be resolved by the trier of facts."

■■ In the asserted acceptance by Saegertown Components, Inc., L.C.B. Tool Co., Inc., and Allegheny Electronics, Inc., wherein Southwest Oil Corporation stated it would accept the offer made by the defendants, it is submitted there was a sufficient factual basis for a jury to make a determinaton as to the existence of a contract. Whether this exchange of telegrams and the correspondence previously agreed upon created a contract is a question of the intention of the parties and this question of intention is to be a matter for the trier of the fact. National Gas Appliance Corp. v. Manitowoc Co., supra, 311 F.2d at 898, and the cases therein cited. This question of intention of the parties being one for the trier of the fact is further asserted in In re ABC-Federal Oil and Burner Co., 290 F.2d 886, 889 (3rd Cir.).

Further, it is well-settled in Pennsylvania that where the parties have settled upon the essential terms and the only

remaining act to be done is the formalization of the agreement, the latter is not inconsistent with the present contract, Taylor v. Stanley Co. of America, 305 Pa. 546, 552, 158 A. 157, where it is stated:

"Where all the terms of a contract are agreed upon, and its reduction to writing is provided for, merely for proof as to its terms, such provision for a written contract is not inconsistent with a present contract, and this is especially true where the thing to be done is provided for in a written memorandum. The minds of the parties having met and reached an accord as to the essential provisions of the contract, such writing would simply exhibit just what they agreed upon and understood."

■ Here, the subject matter of the telegrams, the sale of stock, was unambiguous; the price was definite and the defendants had accepted unconditionally the terms in connection therewith which had previously been discussed and the formalization of the contract was merely putting into writing that which had been agreed upon by the parties.

The lower court's reliance on In re ABC-Federal Oil and Burner Co., supra, is not inconsistent with the position here taken, for there, the Referee in Bankruptcy found, as the trier of the fact, that it was the intent of the parties not to be bound until a formal document was executed, and the Court merely sustained the findings of the Referee. However, this is a review of the case after a full and complete hearing had been made by the Referee in Bankruptcy of the facts and circumstances involved in the exchange of correspondence and after the Referee's decision in view of the debtor.

Whether this plaintiff can establish the facts which he has alleged in his complaint and bring himself within the rule above discussed is a matter which only a trial can settle, but it is submitted he has set out a claim which, if he can prove it, would entitle him to recover.

Accordingly, the judgment of the lower court is reversed and the matter remanded for further proceedings not inconsistent with this opinion.