**Ruth WILLIAMS, Appellant,**

v.

**Jessie Eugene CHICK, Jr., and Pacific Mutual Door Company, a Corporation, Appellees.**

**No. 18442.**

United States Court of Appeals
Eighth Circuit.

March 6, 1967.

Ben W. Swofford, Kansas City, Mo., for appellant; Don F. Whitcraft, Harrisonville, Mo., on the brief.

Forest W. Hanna, Kansas City, Mo., for appellees; Sprinkle, Carter, Sprinkle, Larson & Hanna, Kansas City, Mo., on the brief.

Before MATTHES and LAY, Circuit Judges, and MEREDITH, District Judge.

LAY, Circuit Judge.

This appeal presents an interesting tort case under Missouri law. The facts of this appeal were stipulated and submitted to the trial court under a "Motion for Summary Judgment On The Question Of Causation." The trial court sustained defendants' motion for summary judgment and plaintiff appeals. We reverse.

It was stipulated that plaintiff's decedent was operating a truck at approximately 1:30 a. m. on U. S. Highway #24, near the Chariton River, in the State of Missouri. He came up behind a tractor and semi-trailer owned by defendant Pacific Mutual Door Company and driven by defendant's employee, Chick. Chick was intoxicated. The complaint

alleges Chick was driving at a high rate of speed. It is agreed he was weaving his unit back and forth across the highway. Plaintiff's decedent elected to follow him to prevent injury to Chick and others using the highway. He attempted to warn Chick (thinking he was asleep) and oncoming traffic, by blowing his horn and flashing his lights. As they proceeded down the highway Chick forced two or three vehicles to the shoulder.

Finally Chick hit the shoulder and drove the truck into a bridge railing, knocking down the guard rails for 57 feet and then "plunged into the Chariton River." Plaintiff's decedent stopped his pursuit and with the help of an oncoming trucker to whom he had signalled danger, the two "extricated" Chick from the river. The decedent did not go into the river himself but physically assisted in the rescue, bringing Chick back up to safety on the highway. It was stipulated:

"That during all of the foregoing incidents, events and episodes, the decedent became and was in a highly excited, nervous, fearful and strained condition, and that at the scene of said casualty he complained of his chest hurting him, was cold and clammy, and became ill."

"That the decedent died as a direct and proximate result of the excitement, stress, strain and emotional disturbance of the incidents leading up to and including the occurrences as above set forth."

The lower court in its memorandum opinion (1) assumed for the purpose of the motion for summary judgment that defendant's acts constituted willful and wanton negligence; (2) held, that such conduct did create a situation in which the decedent through the highest of humane motives became a voluntary rescuer; (3) found, however, the *rescue doctrine* applies only to mitigate the rescuer's contributory negligence and is not related to duty; and (4) ruled, that allowing decedent recovery would be morally right, but not legally possible because of the doctrine of "foreseeeability."

▇▇▇ A summary judgment should be used only in "extreme" situations. To grant a summary judgment under Rule 56, a party must be entitled to relief "beyond all doubt," without "room for controversy." Recovery must be barred beyond "any discernible circumstances." See Traylor v. Black, Sivalls & Bryson, Inc., 8 Cir., 189 F.2d 213. As Judge Parker said in Pierce v. Ford Motor Co., 4 Cir., 190 F.2d 910, at 915:

"* * * It is only where it is perfectly clear that there are no issues in the case that a summary judgment is proper. Even in cases where the judge is of opinion that he will have to direct a verdict for one party or the the other on the issues that have been raised, he should ordinarily hear the evidence and direct the verdict rather than attempt to try the case in advance on a motion for summary judgment, which was never intended to enable parties to evade jury trials or have the judge weigh evidence in advance of its being presented. * * *"

In light of the above rules, this court recently stated:

"Since the remedy is extreme and not to be used as a substitute for trial, any doubt as to the existence of a triable issue of material fact must be resolved against the party moving for summary judgment." Jacobson v. Maryland Casualty Co., 8 Cir., 336 F.2d 72, at 74.[1]

---

1. Mr. Justice Jackson speaking for the Supreme Court in Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, at 627, 64 S.Ct. 724, at 728, 88 L.Ed. 967, said:
   "Rule 56 authorizes summary judgment only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, that no genuine issue remains for trial, *and that the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try*." (Our emphasis.)

█ The stipulation (not binding upon retrial) suggests many conclusions and raises many factual questions of the events that ensued. The insufficiency of evidential details in the stipulation creates some concern of the provable facts. A full hearing of the evidential proof may still persuade a trial judge that the facts are insufficient to state a claim under Missouri law. However, plaintiff should be given every opportunity to present such proof. It is a reasonable observation that a summary judgment proceeding does not provide a very satisfactory approach in tort cases. See Kennedy v. Bennett, 8 Cir., 261 F.2d 20.

Reversed and remanded for further proceedings.