**PENN–VIRGINIA DEVELOPMENT COR-
PORATION, a Pennsylvania Corporation, Plaintiff,**

**v.**

**DIVERSIFIED MORTGAGE INVESTORS, a Massachusetts business trust
and Advance Mortgage Corporation, a
Delaware Corporation, Defendants.**

Civ. A. No. 75–192.

United States District Court,
W. D. Pennsylvania.

June 3, 1975.

---

Robert F. McCabe, Jr., Pittsburgh, Pa., for plaintiff.

Donald L. Very, Pittsburgh, Pa., for Diversified Mortgage.

Clyde W. Armstrong, Pittsburgh, Pa., for defendants.

## MEMORANDUM AND ORDER

MARSH, District Judge.

█ This diversity action is presently before the court on motions to dismiss filed by each defendant. In determining motions to dismiss the court must view the facts in a light most favorable to the plaintiff. Melo-Sonics Corporation v. Cropp, 342 F.2d 856 (3rd Cir. 1965).

The plaintiff contends that it entered into an oral contract with the defendant, Advanced Mortgage Corporation (AMC), which provided that AMC would furnish plaintiff with a commitment for a mortgage in the sum of $2,000,000 on a proposed apartment complex, to be built in the Penn Hills area of Pittsburgh, and that plaintiff would pay defendant a fee of $18,000. Whether the contract provided that AMC was merely obligated to provide a commitment or that AMC was obligated to provide a commitment which would come to fruition is a matter of controversy.

AMC did present plaintiff with an offer from co-defendant, Diversified Mortgage Investors (DMI), and a contract commiting DMI to provide a mortgage on real estate in Pennsylvania was eventually executed by plaintiff and DMI. At this point the plaintiff paid AMC its fee of $18,000. Defendant DMI then breached its contract of commitment with plaintiff, after plaintiff had paid DMI various sums of money in consideration for the commitment and one extension thereof. The plaintiff now seeks to recover the $18,000 fee from defendant AMC, and damages from defendant DMI of $3,100,000.

### I

The defendant, AMC, avers in its motion to dismiss that the complaint fails to state a claim against the defendant upon which relief may be granted. The complaint alleged that AMC arranged for a commitment for a mortgage for the plaintiff from DMI for which service it was paid $18,000; that DMI

refused to honor the commitment causing a complete failure of consideration on behalf of AMC "in as much as it was paid for producing a valid and not a worthless commitment." [1]

■■ The general rule is that a broker is entitled to a commission if he procures a person who is ready, willing and able to enter into a contract on the terms stipulated by his principal. 10 Williston on Contracts, Third Edition §§ 1287, 1287A. The exact terms of the "arrangement" between plaintiff and AMC have not been set out. Plaintiff contends the agreement with AMC was not just to provide a commitment "but to provide a valid commitment which would close; " i. e., that would definitely lead to the obtaining of the $2,000,000 mortgage loan. Thus, it appears there exists a factual issue to be decided by a jury.

■ A complaint should not be dismissed unless it appears to a certainty that plaintiff would not be entitled to relief under any state of facts which could be proved in support of its claim. Melo-Sonics Corporation v. Cropp, *supra.* The defendant's motion to dismiss the complaint against AMC will be denied.

## II

■■ Defendant DMI moves to dismiss for lack of *in personam* jurisdiction. It is this defendant's contention that it is not subject to service of process under the Pennsylvania "Long Arm" Statute, 42 Pa.S. § 8301 et seq., specifically because its activities in the Commonwealth fall within the exception contained in that statute at § 8309(c), which provides:

"Notwithstanding any other provision of this section, for the purposes of determining jurisdiction of courts within this Commonwealth, inspecting, appraising and acquiring real estate and mortgages, and other liens thereon, and personal property and security interest therein, and holding, leasing away, conveying and transferring the same, as fiduciary or otherwise, or collecting debts and enforcing mortgages and rights in property securing the same by any foreign corporation shall not constitute 'doing business'."

The facts as set forth in the complaint and the contract itself (Exhibit E attached to the complaint) clearly establish that this contract was part and parcel of "acquiring . . . [a] mortgage[s]" as envisioned in § 8309(c).

Plaintiff argues that Raskin v. First Federal Savings and Loan Ass'n of Erie, 372 F.Supp. 1053, (W.D.Pa.1974) is controlling. Plaintiff's reliance on this case is misplaced. In *Raskin* the third party defendants who moved for dismissal were mortgage brokers similar in status to defendant AMC in this case, but whose goal was to acquire contract rights and not to provide funds for a mortgage in Pennsylvania. It is emphasized in Raskin that the money involved was to leave Pennsylvania and secure a mortgage in Birmingham, Alabama. Judge Knox found that the policy behind the exception to the "Long Arm" Statute was to induce the flow of mortgage money *into* Pennsylvania, *Raskin, supra,* at 1056, as is the situation in the case at bar.[2] To hold that the making of a commitment contract by the prospective mortgagee, prior to actually executing a mortgage does not fall within § 8309(c), is to completely undermine the desired effect of the exception. In addition, the Pennsylvania Statutory Construction Act, 1 Pa.S. § 1928(b) provides:

"All provisions of a statute of the classes hereafter enumerated shall be strictly construed:

. . . . . .

(7) provisions decreasing the jurisdiction of a court of record."

---

1. See plaintiff's Answer to Motion to Dismiss.

2. Cf. Robinson v. Shearer & Sons, Inc., 429 F.2d 83 (3rd Cir. 1970) construing 15 P.S. § 2011 D., the predecessor to 42 Pa.S. § 8309(c).

The exception in § 8309(c) decreases jurisdiction over corporations acquiring mortgages in Pennsylvania, therefore a strict construction of § 8309(c) requires the court to deny jurisdiction over DMI pursuant to the "Long Arm" Statute.

For the foregoing reasons, the motion to dismiss as to defendant DMI will be granted.

An appropriate order will be entered.