James M. BROWN, Appellant,

v.

Wayne E. GAMM and Vernon Gamm, Appellees.

No. 75–1232.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1975.

Decided Nov. 11, 1975.

Victor Faesser, Witte & Donahue, Pawnee, Neb., for appellant.

Michael W. Brown, Lincoln, Neb., for appellees.

Before CLARK, Associate Justice,[*] and LAY and ROSS, Circuit Judges.

## PER CURIAM.

Plaintiff James M. Brown sought damages for personal injury suffered when he fell from a truck operated by the defendants Wayne and Vernon Gamm. The accident took place in Missouri and claim was made under the Missouri humanitarian doctrine as well as the employer's duty to provide a safe place to work. The district court granted summary judgment to the defendants and the plaintiff brings this appeal. We affirm.

Although we have often observed that summary judgment is generally inappropriate in tort cases,[1] there are rare cases in which it may be determined at an early point on pleadings and affidavits that relief is barred "beyond 'any discernible circumstances.'" *Williams v. Chick*, 373 F.2d 330, 331 (8th Cir. 1967). As the district court decided, this is such a case.

Brown was injured while hauling bales of hay from a field to defendants' barn about a mile and a half away. Brown was riding in the back end of the flat bed truck along a road bordered by trees whose low branches overhung the road. On the second day of this work, when the truck was loaded with bales stacked 15 feet high in front and 10 feet in back, Brown sat on the lower bales with Vernon Gamm and another worker while Wayne Gamm drove to the barn. When seated, the passengers' heads were below the top level of the bales of hay. On this particular trip a low tree branch knocked off one of the top bales. It was replaced without difficulty and the truck proceeded down the road at a very slow speed. Shortly thereafter Brown stood up to get a cigarette lighter from his pocket and he was immediately hit by a tree branch and knocked from the truck suffering injuries to his knee and leg.

The district court had before it the pleadings, the deposition of the plaintiff and the stipulated facts.

Plaintiff's theory under Missouri law was that his employer failed to provide a safe place of employment and that the driver should have warned the plaintiff under the humanitarian doctrine. The district court did not give any reasons for the grant of the summary judgment.[2] However, we think it clear that plaintiff's own conduct was the sole proximate cause of the accident and that recovery would be barred by his own contributory negligence. We think it further evident that the defendants did not violate any known duty.

Plaintiff admitted he could have ridden in the cab rather than on the bed of

---

* Associate Justice Tom C. Clark, United States Supreme Court, Retired, sitting by designation.

1. *Williams v. Chick*, 373 F.2d 330 (8th Cir. 1967); *Kennedy v. Bennett*, 261 F.2d 20 (8th Cir. 1958). For a general discussion on use of summary judgment, see Mr. Justice Clark's observations in *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 472–73, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962), where he concludes:

Trial by affidavit is no substitute for trial by jury which so long has been the hallmark of "even-handed justice."

2. Although we intend no criticism of the district court in the instant case, we think it helpful for the district court to give a short analysis of the reasoning behind its ruling. The district court's opinion might so persuade the parties that appeal could be avoided entirely, and if not, review by this court would be facilitated.

the truck but he freely chose the latter. While seated he was in a reasonably safe position. He was well aware of the low hanging branches along the road.[3]

■ Furthermore under the Missouri humanitarian doctrine it is clear that plaintiff could not recover. The Missouri humanitarian doctrine is an exception to the law of contributory negligence which places upon every person the duty to "exercise ordinary care for the preservation of another after seeing him in peril or about to become imperiled, when such injury may be averted without injury to others." *Banks v. Morris & Co.*, 302 Mo. 254, 257 S.W. 482, 484 (1924). The following factors must all be satisfied before the doctrine becomes applicable:

> (a) plaintiff's position of imminent peril; (b) defendant's actual or constructive notice of that peril; (c) defendant's "present ability, with the means at hand, to have averted the impending injury without injury to himself or others"; (d) defendant's failure to exercise the required degree of care; and (e) a resulting injury to the plaintiff. . . . We emphasize that among these requisites are, first, that the defendant's duty to act does not arise until the plaintiff comes into the position of imminent peril, . . . and, second, that the defendant must have the present ability, after notice of the peril, to avert the injury to the plaintiff without harm to himself or others. . . . When that ability is not present the humanitarian doctrine has no application. *Shirley v. Norfleet*, (Mo., 1958) 315 S.W.2d 715, 723.

*Hobbs v. Renick*, 304 F.2d 856, 862 (8th Cir. 1962).

■ The undisputed facts demonstrate that the defendants had no duty to foresee that plaintiff would stand up during the short one and one-half mile trip. When plaintiff stood up he knowingly moved from a place of safety to a place of peril. The defendant driver had no opportunity to warn Brown after he stood up since the plaintiff's deposition shows that the branch hit him immediately. Under the circumstances the district court correctly found the humanitarian doctrine inapplicable.

The judgment of the district court is affirmed.

**3.** Plaintiff's deposition reads:
> Q. And at the time you stood up, did you know and understand when you stood up your head would be up above the load of bales?
> A. Yes.
> Q. And at that time of course, you knew that the road was covered with low hanging branches and trees?
> A. Yes.
> Q. And I take it that you knew that a branch might be coming along the top of the load at any time, is that correct?
> A. Yes.
> Appendix at 79–80.