Robert E. HUGHES, Appellant,

v.

AMERICAN JAWA, LTD., Appellee.

No. 75–1282.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 3, 1975.

Decided Jan. 9, 1976.

---

22

Jerold L. Drake, Grant City, Mo., for appellant.

Wendell E. Koerner, Jr., St. Joseph, Mo., for appellee.

Before GIBSON, Chief Judge, and LAY and ROSS, Circuit Judges.

GIBSON, Chief Judge.

In this removed diversity case, plaintiff, Robert Hughes, appeals from a grant of summary judgment in favor of defendant, American Jawa, Ltd. Plaintiff instituted the present strict tort liability action seeking a $90,000 recovery for injuries sustained in an accident while operating a motorcycle distributed by defendant.

The motorcycle in question is a 1970 Jawa CZ 175cc. It was originally purchased on March 2, 1970, by William Stephenson through defendant's distribution system. In March of 1971 the motorcycle was purchased by plaintiff after it had been driven approximately 1500 miles. After owning the motorcycle for a year and a half plaintiff sold it to his brother, James, with nearly 3000 miles reflected on the odometer. Prior to this time the motorcycle had performed without incident and with no mechanical malfunctions. It had been subjected to normal maintenance service and had not been disassembled in any way.

On September 24, 1972, plaintiff was riding the motorcycle at approximately 50 m. p. h. on a blacktop road near Allendale, Missouri. The rear wheel suddenly locked and the motorcycle skidded for several feet. Plaintiff was thrown off the machine and sustained personal injuries. James Hughes, who was following plaintiff on another motorcycle, observed the rear wheel lock from a vantage point 500 yards behind the plaintiff. When James arrived at the scene of the accident, he attempted to remove the motorcycle from the road. He noticed that the rear wheel was immobile and ascertained that the engine was locked after unsuccessfully attempting to start it. Between 15 and 45 minutes later the engine and wheel became unlocked on their own accord and the motorcycle started and performed properly. The motorcycle was thereafter taken to a motorcycle dealer, who inspected the transmission and rear wheel to determine the cause of the accident. Nothing was found which may have suggested a reason why the engine locked and no repairs were deemed necessary. The motorcycle has been driven approximately 3700 miles since the incident in question and there has been no recurrence of the problem which occasioned plaintiff's accident.

Plaintiff bases his claim on the theory of strict tort liability as codified in § 402A of the *Restatement (Second) of*

*Torts.* The law of Missouri, which concededly governs in this case, has recognized and adopted the rule of strict liability in tort actions. *Keener v. Dayton Electric Manufacturing Co.,* 445 S.W.2d 362, 364 (Mo.1969). To recover in this action, plaintiff must show that defendant sold an unreasonably dangerous, defective product and that the product's condition was not substantially changed before it reached the user. *Keener v. Dayton Electric Manufacturing Co., supra* at 364. The key issues to be litigated in this case are whether the motorcycle was in fact defective in design or manufacture and, if so, whether such defect caused the accident. Defendant contends that the accident was caused by either improper machine maintenance or lack of due care exercised by plaintiff. Plaintiff alleges that the motorcycle was defective as a result of either faulty design, lack of due care by the manufacturer or use of defective parts in the manufacturing process. The sole issue presented on this appeal is whether the District Court properly granted summary judgment for defendant on the basis that there was no genuine issue as to whether a defect actually existed.

The standards to be applied when a party moves for summary judgment pursuant to Fed.R.Civ.P. 56 have been clearly set forth by the United States Supreme Court:

> Summary judgment should be entered only when the pleadings, depositions, affidavits, and admissions filed in the case "show that [except as to the amount of damages] there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.Rules Civ.Proc., 28 U.S. C.A. This rule authorizes summary judgment "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, . . . [and where] no genuine issue remains for trial . . [for] the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues

to try." *Sartor v. Arkansas Natural Gas Corp.,* 321 U.S. 620, 627, 64 S.Ct. 724, 728, 88 L.Ed. 967 (1944).

*Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962).

Summary judgment is not to be used as a surrogate for a plenary trial and is to be invoked only when "the movant has established his right to a judgment with such clarity as to leave no room for controversy and that the other party is not entitled to recover under any discernible circumstances." *Ozark Milling Co. v. Allied Mills, Inc.,* 480 F.2d 1014, 1015 (8th Cir. 1973). In making this determination all permissible inferences which may be drawn from the facts presented "must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); accord, *Klinge v. Lutheran Charities Association,* 523 F.2d 56, 61–62 (8th Cir. 1975).

■ Since tort actions generally encompass a multitude of factual issues and abstract concepts that become elusive when applied to varying concrete factual situations, such actions are usually not appropriate for disposition by summary judgment. *Williams v. Chick,* 373 F.2d 330, 332 (8th Cir. 1967); 6 *Moore's Federal Practice* ¶ 56.17[42] (1975); 10 C. Wright & A. Miller, *Federal Practice and Procedure* § 2729 (1973); see *Dombrowski v. Eastland,* 387 U.S. 82, 84, 87 S.Ct. 1425, 18 L.Ed.2d 577 (1967). However, there may be rare and extraordinary tort cases in which the nonmoving party could not prevail under any discernible circumstances, and in these instances summary judgment may be appropriate. *Brown v. Gamm,* 525 F.2d 60 (8th Cir. 1975). We must therefore review the record to determine whether this particular case is a proper one for summary judgment.

Since the plaintiff has not plead and could not recover on a res ipsa loquitur theory in this case, he must present evidence showing something more than the mere occurrence of the accident and de-

fendant's responsibility in placing the motorcycle in the public domain. Plaintiff is required in this strict tort liability action to present sufficient evidence, either circumstantial or direct, to give rise to an inference that a defect existed in the motorcycle at the time it was originally sold by the defendant and that such defect caused the incident precipitating plaintiff's injury. *Williams v. Ford Motor Co.*, 494 S.W.2d 678, 681 (Mo. Ct.App.1973).

The only evidence presented by plaintiff beyond the fact of the accident itself was in the form of a deposition of Dr. William S. Gatley, a professor of mechanical engineering at the University of Missouri at Rolla. Pursuant to a hypothetical question wherein it was assumed that the motorcycle was properly maintained and lubricated, Dr. Gatley was asked what might cause the motorcycle's rear wheel to lock under the circumstances of plaintiff's accident. Dr. Gatley responded that it was reasonable to assume that the engine locked because "excessive friction" caused the piston to expand more rapidly than the cylinder. The piston would eventually reach zero clearance and would be incapable of moving within the cylinder. Dr. Gatley contended that three factors could contribute to the creation of sufficient "excessive friction" to cause a piston seizure: (1) the piston was too large or the cylinder was too small; (2) the conditions under which the motorcycle was being operated could generate excessive heat in the engine; (3) a marginal lubrication system could cause insufficient oil to reach the critical operational areas of the engine. Based upon the circumstances of the accident, Dr. Gatley gave his opinion that the motorcycle was defective either in design or manufacture.

Plaintiff contends that this evidence is sufficient to create a factual dispute as to whether or not the motorcycle was defective. Defendant alleges that Dr. Gatley's deposition, when considered in light of all the circumstances, is based on pure speculation and lacks sufficient probative weight to lend any viability to plaintiff's theory of the case. It appears that Dr. Gatley's opinion is somewhat conjectural and abstract. Also, in view of the fact that the motorcycle was operated free of difficulty for some 3000 miles before and 3700 miles after the accident, his conclusion rests on somewhat tenuous grounds.

Dr. Gatley had never personally repaired or disassembled a motorcycle engine. Prior to forming an opinion in the present case, it was necessary for him to ask plaintiff, an automobile mechanic, a number of questions concerning the internal workings of the present motorcycle engine in order to supplement the information he had obtained from the owner's manual of the Jawa CZ 175cc motorcycle. Although Dr. Gatley examined the motorcycle prior to forming his opinion, the motorcycle engine was not disassembled to ascertain and compare the respective sizes of the piston and cylinder for the purpose of bolstering his conclusion. There was no attempt to visually inspect the piston and cylinder wall to determine if there existed physical evidence in the form of score marks which might evidence a prior piston seizure. Moreover, since the hypothetical question posed to Dr. Gatley presupposed proper engine lubrication, his theory fails to account for the possibility that the engine locked because of the owner's failure to maintain a proper oil mixture. An improper oil-gas mixture in the Jawa CZ 175cc motorcycle might induce excessive friction in the cylinder and precipitate a piston seizure.

Plaintiff's case, at this point in the litigation, rests predominantly upon the abstract testimony of Dr. Gatley, who has dubious qualifications to proffer an opinion as to whether the Jawa motorcycle was defective, particularly since neither he nor anyone on behalf of the plaintiff has made any physical inspection of the accused motorcycle engine. The District Court reviewed the facts in the present case and discerned very little basis for Dr. Gatley's opinion. The court stressed Dr. Gatley's lack of experience with motorcycles and intimated that the failure to visually inspect the allegedly defective component or to otherwise ver-

ify Dr. Gatley's conclusion deprived his opinion of any significant weight. The District Court concluded that Dr. Gatley's "speculation as to any defect in the motorcycle was not sufficient, as a matter of law, to send this case to the jury." While not explicitly finding that there was no genuine issue of material fact, the court impliedly reached this conclusion after according little or no weight to plaintiff's proof.

▓ Although plaintiff's case may be manifestly attenuated because of his failure to test the motorcycle engine properly or to investigate for a cause of the accident, he is not necessarily to be deprived of a trial on the merits if he has submitted sufficient evidence to produce a genuine factual dispute. The obligation of the trial court under Fed.R. Civ.P. 56 is to preliminarily determine whether a genuine factual issue is present. If the trial judge discovers a factual issue, he may not attempt to resolve the dispute. *Nyhus v. Travel Management Corp.*, 151 U.S.App.D.C. 269, 466 F.2d 440, 442 (1972). The District Court must deny the motion for summary judgment after finding a genuine factual dispute even if it is convinced that the party opposing the motion is unlikely to prevail at trial. *United Pacific Insurance Co. v. United States ex rel. Mississippi Valley Equipment Co.*, 296 F.2d 160, 166 (8th Cir. 1961). The trial court may not enter judgment as a matter of law, in a manner similar to a directed verdict at trial pursuant to Fed.R.Civ.P. 50(a), where the record presents a genuine factual dispute.

It is only where it is perfectly clear that there are no issues in the case that a summary judgment is proper. Even in cases where the judge is of opinion that he will have to direct a verdict for one party or the other on the issues that have been raised, he should ordinarily hear the evidence and direct the verdict rather than attempt to try the case in advance on a motion for summary judgment, which was never intended to enable parties to evade jury trials or have the judge weigh evidence in advance of its being presented.

*Pierce v. Ford Motor Co.*, 190 F.2d 910, 915 (4th Cir.), *cert. denied*, 342 U.S. 887, 72 S.Ct. 178, 96 L.Ed. 666 (1951); *accord, Williams v. Chick*, 373 F.2d 330, 331 (8th Cir. 1967).

▓ Since it is clear that the existence or non-existence of a defect is a "material" fact in this strict tort liability litigation, we must decide whether there is a "genuine" issue concerning this particular fact. Defendant contends that the purely conjectural nature of plaintiff's proof mandates that it be disregarded. However, we do not think this conclusive characterization of Dr. Gatley's testimony can be made in a summary judgment proceeding. Dr. Gatley had adequate qualifications to testify as an expert. His opinion and the basis or reasons therefor were for the consideration of the trier of fact, be it court or jury, and did not present a proper issue to be resolved by means of the summary judgment procedure.

▓ While Dr. Gatley's lack of relative expertise in motorcycle engines, coupled with the failure to substantiate his opinion by physical observation or mechanical testing of the piston in the motorcycle engine, may deprive his conclusion of substantial evidential support and may even compel a juridical observation that the opinion approaches the realm of conjecture and speculation, we cannot conclude that Dr. Gatley's deposition constituted the type of "intangible speculation" that would justify the ordering of summary judgment against plaintiff. *United States v. Mt. Vernon Milling Co.*, 345 F.2d 404, 407 (7th Cir. 1965). Though the weakness of plaintiff's proof at this point makes this a close case, the record here furnishes facts which have a sufficient degree of "legal probative force" to create a genuine factual dispute, *cf. Durasteel Co. v. Great Lakes Steel Corp.*, 205 F.2d 438, 441 (8th Cir. 1953), which would preclude a decision on the merits in this summary judgment procedure. Since defendant has failed to meet its burden of proving the absence

of a genuine issue of material fact, summary judgment was erroneously granted.[1] *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

We stress that the present case involves a tort action and the policy favoring plenary trials in these actions bears upon our decision. We do not wish to imply that frivolous or conjectural assertions will be sufficient to create a "genuine" issue of fact and protect a non-moving party from summary judgment. *Atlantic States Construction Co. v. Robert E. Lee & Co.*, 406 F.2d 827, 829 (4th Cir. 1969); 10 C. Wright & A. Miller, *Federal Practice and Procedure* § 2727, at 542 (1973). While we can appreciate a trial court's desire to dispose of marginally meritorious cases prior to trial, summary judgment is an inappropriate means of effecting dismissal where there is a genuine issue of material fact.

Since there is a factual dispute as to whether the accident was caused by improper maintenance, by lack of due care in operation or by a defect in the design or manufacture of the motorcycle, we reverse and remand the case for trial on the merits.

Reversed and remanded.

---

1. The District Court expressed the view that plaintiff could withstand a motion for summary judgment only if the court accepted the legal proposition that after plaintiff presented proof of a malfunction the burden of proof shifted to defendant to disprove the existence of a defect. See *Brownell v. White Motor Corp.*, 260 Or. 251, 490 P.2d 184, 186 (1971). The District Court found no Missouri law to support this proposition and refused to adopt it. We deem it unnecessary to decide this novel issue. The record contains sufficient evidence to preclude use of the summary judgment procedure in denying plaintiff his common law right, constitutionally recognized in the Seventh Amendment, to a jury trial. Since a genuine factual dispute has been created, the plaintiff has successfully avoided summary judgment. We need not discuss whether the burden should shift to defendant at trial.