(C.D. 4837)

BRANIFF AIRWAYS, INC., PLAINTIFF *v.* THE UNITED STATES, DEFENDANT

Court No. 75-3-00646

■■■■■■■■■■■■■

■■■■■■■■

(Dated January 17, 1980)

*Arnold & Porter (Paul S. Berger* and *Kenneth A. Letzler* on the brief), for the plaintiff.

*Alice Daniel,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, Field Office for Customs Litigation (*James A. Resti* on the brief), for the defendant.

BOE, Judge: The above-entitled action has been submitted to this court by the respective parties pursuant to a stipulation of fact and submission filed under date of May 31, 1979. In said document it is specifically provided:

It is further agreed and stipulated by and between counsel for Braniff and the Assistant Attorney General for the United States that:

This case be submitted on the pleadings heretofore filed in this case and this stipulation; * * *.

The question of law presented by the parties entailed whether a manufacturer's negotiated warranty with respect to certain aircraft

made in and exported from Great Britain may be included in the appraised constructed value of the said aircraft upon entry into the United States. Neither the pleadings nor the accompanying stipulation provide nor reflect facts as to the determination of general expenses and profit on the basis of constructed value required in section 402(d), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956 (19 U.S.C. 1401a).

In an order made and entered under date of November 14, 1979, this court determined:

> In view, therefore, of the existence of a genuine issue of material facts remaining in connection with the determination of the appraised constructed value of the subject merchandise, judgment on the pleadings and on the accompanying stipulation of facts filed herein cannot be granted; * * *.

In a motion for rehearing filed under date of November 30, 1979, the defendant contends that judgment should be entered for the defendant for the reason that by the omission in the pleadings and the stipulation of the facts required to be established by subsection 2 of section 401(d) of the Tariff Act of 1930, as amended (constructed value statute), the plaintiff has failed to overcome the presumption of correctness attaching to the liquidated appraisement of the merchandise in issue. In support of its contention the defendant relies on the decisions of this court and our appellate court in the cases of: *American Mail Line, Ltd.* v. *United States*, 35 Cust. Ct. 142, C.D. 1735 (1955); *Dorward & Sons Co., Pacific Vegetable Oil Corp.* v. *United States*, 40 CCPA 159, C.A.D. 512 (1953); *Dana Perfumes Corp.* v. *United States*, 63 CCPA 43, C.A.D. 1162, 524 F. 2d 750 (1975).

It is true that the evidence presented to the court therein consisted either in whole or in part of a stipulation of facts between the parties. Notwithstanding that it is acknowledged that a party may be bound by facts to which it has stipulated in the same manner as it is bound by the oral testimony of witnesses which may have been presented, this court is of the opinion that the rule of law expressed in the aforecited decisions are neither applicable to nor determinative of the motion presently urged by the defendant. In each of said decisions it will be noted that the cause of action was tried and submitted to the court for final determination on the merits. In the presentation of its evidence the plaintiff necessarily must be aware that the court possesses the judicial discretionary authority to determine the case upon the evidence submitted, irrespective of the sufficiency thereof. The decisions relied upon by the defendant, therefore, can be viewed only as an affirmation of the exercise of such discretionary power by the trial court, notwithstanding that subsequent to the entry of judgment it might appear that an order of remand or rehearing could have provided

the opportunity for the presentation of additional material evidence. Had this court been faced after a full evidentiary trial with the record as it now stands, that is, a set of pleadings and a stipulation of facts, a situation similar to that presented in *Dorward*, it may have concluded that it was appropriate to decide the case on the merits on the basis of the record before it.

However, the posture of the present action at the time of the entry of this court's order under date of November 14, 1979, denying judgment on the pleadings and accompanying stipulation of facts is far different from an action wherein the court has accepted the same for final determination and, accordingly, has so rendered its decision on the merits, irrespective of whether such an adjudication has been made on evidence submitted on the oral testimony of witnesses or on a stipulation of facts agreed upon by the parties.

What then is the true posture of the present proceeding?

Under the rules of the Customs Court, a cause of action may be determined, other than by an evidentiary trial, by the following:

(1) Submission on agreed statement of facts as provided by rule 8.1;

(2) Judgment on the pleadings as provided by rule 4.9; and

(3) Summary judgment as provided by rule 8.2.

It is patently evident that the submission to this court on the pleadings and the accompanying stipulation of facts in the above-entitled action is not within the purview nor intent of rule 8.1. As clearly contemplated by section (a) of the rule, this procedure is intended to be utilized only in such cases wherein an agreed settlement of an action has been made by the parties. As further provided by the rule such a statement of agreed settlement together with a proposed decision and judgment shall be submitted to the court. No decision by the court is required other than the approval of the statement of agreed settlement by the entry of the proposed decision and judgment which has been submitted in connection therewith.

The stipulation filed in the above-entitled action has been accepted by this court, in accordance with the specific terms thereof, as a submission on the pleadings together with the accompanying stipulated facts within the purview of rule 4.9. The foregoing rule clearly defines the manner in which such a submission shall be treated by providing in pertinent part:

> * * * If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and are not excluded by the court, the motion *shall* be treated as one for summary judgment and shall be disposed of as provided in rule 8.2, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by rule 8.2. [Italic supplied.]

It would appear clear that the stipulation of facts submitted to this court in conjunction with the submission on the pleadings indeed are "matters outside the pleadings" within the contemplation of the aforequoted rule and that, accordingly, the court is without discretion but to treat the submission as one for summary judgment. *See Transamerican Electronics Corp.* v. *United States*, 70 Cust. Ct. 35, C.D. 4405 (1973).

The provisions of rule 8.2 provide that summary judgment may be rendered in favor of any party entitled thereto as a matter of law "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" (rule 8.2(d)). Practice in the Customs Court repeatedly has been punctuated by a denial of summary judgment where the court in its discretion has found a genuine issue of material fact to exist.

Predicated on the foregoing, this court in its prior order denying judgment on the pleadings and the accompanying stipulated facts submitted by the parties has found that an issue as to a material fact exists. In short, this court has determined that the action is not "ripe" at this time for an adjudication of the question of law concerning which the respective parties mutually seek a decision.[1] The conduct of this court in so doing is dictated by the rules of procedure established herein as they may be applied to the specific proceedings brought before it, not by what might have been the otherwise subjective intent of counsel.

In the case of *C. J. Tower & Sons of Buffalo, Inc., a/c Metco, Inc.* v. *United States*, 68 Cust. Ct. 377, C.R.D. 72–11 (1972), Judge Herbert Maletz of this court in a well-reasoned and comprehensive opinion has examined the effect of denial of judgment on the pleadings upon the right of a party to subsequently prove facts necessary to sustain its claim. Although in the *Tower* case cross-motions were presented by the respective parties, the reasoning of the court is completely applicable to the proceedings at bar. The court in its decision stated:

> It is important to add, however, that although plaintiff proceeded on the wrong legal theory, it does not necessarily follow that it is precluded from proving the facts necessary to establish its claim or that defendant is thereby entitled to judgment on its cross-motion. *Ramsouer* v. *Midland Valley R. Co.*, 135 F. 2d 101 (CA8 1943); *Ideal Development Co.* v. *Costello*, 217 F. Supp. 365 (E.D. Pa. 1963). In this latter connection, the test, on defendant's motion for judgment on the pleadings (or summary judg-

---

[1] This discretionary judicial prerogative is not without precedent. In the case of *United States* v. *H. A. Gogarty, Inc., a/c A. H. Walter & Co., Inc.*, 42 Cust. Ct. 680, R.D. 9468 (1959), Judge Donlon of this court, "in the interest of justice," set aside a stipulation of facts as insufficient to permit a determination of the action before the court and restored the case to the trial calendar for the presentation of such additional proof as might be required.

ment), is whether, viewing the pleaded facts in the light most favorable to plaintiff, there is any basis upon which the latter might recover. In other words, the opposing party must be given the benefit of all reasonable inferences favorable to it which might be drawn from the pleadings. *United States* v. *Diebold, Inc.*, 369 U.S. 654 (1962); *Empire Electronics* v. *United States*, 311 F. 2d 175 (CA2 1962); *National Labor Relations Board* v. *Weirton Steel Company*, 146 F. 2d 144 (CA3 1944); *Ramsouer* v. *Midland Valley R. Co.*, *supra*, 135 F. 2d 101. If it is at all possible that plaintiff may be able to meet its burden of proof, it is inappropriate to grant judgment against it. *Williams* v. *Chick*, 373 F. 2d 330 (CA8 1967); *Melo-Sonics Corp.* v. *Cropp*, 342 F. 2d 856 (CA3 1965); *Dotschay* v. *National Mutual Ins. Co. of District of Columbia*, 246 F. 2d 221 (CA5 1957); *Dyson* v. *General Motors Corporation*, 298 F. Supp. 1064 (E.D. Pa. 1969).

Considering the present pleadings with the foregoing in mind, it cannot be said with any degree of certainty that plaintiff would be unable to offer proofs tending to establish the ultimate facts necessary to support its claim for classification of the merchandise as nickel powder under item 620.32, specifically, that it is a nickel alloy in a basic shape or form. This being the situation, plaintiff should not be foreclosed from the opportunity to present its proofs. *Melo-Sonics Corp.* v. *Cropp*, *supra*, 342 F. 2d 856; *Williams* v. *Chick*, *supra*, 373 F. 2d 330. [Italics in original; emphasis supplied.]

The acceptance of the contention of the defendant inevitably would lead to the fallacious ultimate conclusion that notwithstanding the nature of any proceeding, whether it be in the form of judgment on the pleadings or in the form of summary judgment, a stipulation of facts between parties would require the entry of judgment for the defendant if, in such a stipulation, the absence or omission of any material fact precludes the plaintiff from overcoming the presumption of correctness attaching to the liquidated appraisement or classification. Such a conclusion would destroy the basic and fundamental obligation of a trial court, namely—to determine when a cause of action is "ripe" for the determination of a question of law that might have been presented by the parties. It likewise would destroy and leave valueless the very purpose and intent contemplated by our respective procedures for summary determinations. If a party in attempting to seek a speedy adjudication by presenting its action to the court for possible determination by means of judgment on the pleadings or summary judgment finds itself precluded from offering further evidence which the court believes necessary to the ultimate determination of the action, future resort to such procedures most assuredly could not be expected to be utilized.

The plaintiff in its response to defendant's motion for rehearing has indicated its willingness and ability to provide the proof required by the statute. It is indeed difficult to perceive wherein the rights of the

defendant are prejudiced by the resolution of an existing material issue of fact in the manner as prescribed by rule 8.2 prior to the adjudication of the question of law involved herein. In conformity, therefore, with the provisions of rule 8.2(e), after having had a further opportunity to confer with respective counsel, the court may ascertain what material facts, if any, in good faith continued to be in issue and with the agreement of counsel provide for the presentation of further stipulations, affidavits, or other evidence for the resolution of such material facts remaining in issue in order to expeditiously permit the adjudication of the question of law originally presented by the parties for determination by this court; now therefore, it is hereby

ORDERED that the motion of the defendant for rehearing of the order of this court made and entered on the 14th day of November, 1979, denying judgment on the pleadings and the accompanying stipulated facts submitted by the parties be and is hereby denied.