Margaret A. CROXEN, Administrator of the Estate of Gary A. Croxen, Deceased, Plaintiff,

v.

UNITED STATES CHEMICAL CORPO-RATION OF WISCONSIN, a Corporation, Defendant,

and

NORTH AMERICAN CAR CORPORA-TION, a Corporation, Defendant and Third-Party Plaintiff,

v.

MERICHEM COMPANY, a Corporation, and PLM Rail Car Services, Inc., a Corporation (Formerly Sioux City Tank Car Corp.), Third-Party Defendants.

No. C 79–4003.

United States District Court,
N.D. Iowa, W.D.

April 2, 1982.

Raymond B. Johansen and Gary L. Johansen, Sioux City, Iowa, for Croxen.

Robert B. Deck, Sioux City, Iowa, for U.S. Chemical.

T.M. Whicher and Willis A. Buell, Sioux City, Iowa, for North American Car.

N. Richard Willia, Sioux City, Iowa, for Merichem Co.

Daryl L. Hecht, Sioux City, Iowa, for PLM Rail Car Services.

O'BRIEN, District Judge.

This matter comes before the Court pursuant to motions on behalf of PLM Rail Car Services and Margaret Croxen. PLM Rail Car Services (formerly Sioux City Tank Car Corporation, hereinafter referred to as "PLM") moves for summary judgment dismissing the third-party complaint by defendant North American Car Corporation (hereinafter referred to as "NAC"). PLM also moves to dismiss the cross-claim of third-party defendant Merichem. The plaintiff requests leave to file an amended complaint and also moves for summary judgment against defendant NAC.

The Court held a hearing in this matter on December 14, 1981. Based on the briefs and arguments of counsel and the entire record herein, the Court rules as follows. PLM's motions to dismiss and for summary judgment are denied. Plaintiff's motion for leave to amend her complaint is granted. Plaintiff's motion for summary judgment is denied.

A brief recitation of the relevant facts is necessary for the determination of this motion. Plaintiff's decedent, Gary Croxen, was employed by PLM. Croxen died in the course of his employment while cleaning a tank car owned by NAC and leased to Merichem. Plaintiff sued NAC for damages arising out of Croxen's death. NAC brought third-party complaints against Merichem and PLM, seeking indemnity in the event it is found liable to the plaintiff. Merichem has cross-claimed against PLM, seeking indemnity in the event it is found liable to NAC.

On June 9, 1981, this Court entered an order denying PLM's motion to dismiss NAC's third-party complaint. PLM argued that, as Croxen's employer, it is insulated from all liability beyond the payment of worker's compensation benefits, Code of Iowa § 85.20. NAC maintained that the claim for indemnity arose from an independent contractual duty owed by PLM to NAC, see *Iowa Power & Light v. Abild Construction Co.,* 259 Iowa 314, 144 N.W.2d 303 (1966); *Blackford v. Sioux City Dressed Pork,* 254 Iowa 845, 118 N.W.2d 559 (1962). This Court denied the motion and directed the parties to develop discovery on the issue of contractual duties between PLM and NAC. PLM now moves for summary judgment, urging that no genuine issue of material fact has been raised as to whether a contract existed between PLM and NAC for the cleaning of the tank car in question.

Summary judgment is an extreme and treacherous remedy, not to be entered unless movant has established its right to judgment with such clarity as to leave no room for controversy and unless the other party is not entitled to recover under any set of discernible circumstances, *Vette v. Aetna Casualty & Surety Co.,* 612 F.2d 1076 (8th Cir.1980). Summary judgment is notoriously inappropriate for the determination of claims in which issues of intent, good faith and other subjective feelings play dominant roles, *Pfizer v. International Rectifier,* 538 F.2d 180 (8th Cir.1976). In its motion, PLM argues that no relationship between it and NAC existed by which it could be found that PLM owed NAC any independent duty. PLM argues that no written contract exists between the parties and that NAC has denied that it had a contract with PLM.[1] PLM also urges that NAC has not alleged a duty that is specific enough to support a claim for indemnity.

The Court concludes that a genuine issue of material fact has been raised with respect to whether PLM contracted with NAC for the cleaning of the tank car in

---

1. Plaintiff has alleged that a contract exists between PLM and NAC. NAC denies that such a contract exists but argues that if a jury finds against defendant on this issue, it would be entitled to indemnity from PLM.

question. The contract between NAC and Merichem requires Merichem to reimburse NAC for any expense incurred in the cleaning of its cars.[2] A reasonable inference to be drawn from this provision is that the parties intended NAC to contract for the cleaning of the car and then looked to Merichem to reimburse NAC for its expense. The November 30, 1976 letter from Robert Lohman of Merichem to James Wetzel of NAC[3] infers that this may have been the practice. The letter states: "... should it be necessary for you to clean the cars before placing in another service ...." Merichem officials state that they dispatched the car without cleaning it and that they had never heard of PLM at the time in question.[4]

■ Based on these statements, the Court concludes that a jury could find that NAC contracted with PLM for the cleaning of the tank car in question. The jury could also find that PLM breached a duty under this contract and is therefore liable to NAC on its claim for indemnity. The motion for summary judgment is therefore overruled.

PLM moves to dismiss the cross-claim of Merichem, arguing that, as the employer of the deceased, it has no further liability beyond payment of worker's compensation benefits, see Code of Iowa § 85.20. PLM argues that there are no independent duties running between it and Merichem whereby Merichem could claim a right to indemnity under the case of *Iowa Power & Light v. Abild Construction,* 259 Iowa 314, 144 N.W.2d 303 (1966).

Merichem alleges two theories under which PLM could be liable on the cross-claim for indemnification. First, Merichem alleges that a contract existed between PLM and NAC and that PLM owed Merichem duties as a third-party beneficiary of this contract. Second, and in the alternative, Merichem alleges that it had a contract with PLM for the cleaning of the car.

Merichem alleges that PLM breached its duties to Merichem under this contract.

A motion to dismiss cannot be granted unless it appears beyond doubt that the claimant can prove no set of facts in support of her claim which would entitle her to relief. Fed.R.Civ.P. 12 precludes final dismissal for insufficiency of a claim except in the extraordinary case where the allegations on behalf of the movant show some insuperable bar to relief, *Asay v. Hallmark Cards,* 594 F.2d 692 (8th Cir.1979).

■ Here the alleged insuperable bar to relief is the exclusivity of worker's benefits under Code of Iowa § 85.20. However, Merichem has clearly pleaded its cross-claim as an exception to the general rule of exclusivity, see *Iowa Power & Light, supra.* If the allegations of Merichem's cross-claim are true,[5] the situation presented here would be similar to that in *Blackford v. Sioux City Dressed Pork, supra. Blackford,* of course, allowed indemnity where an employer breached its contractual duty to the defendant to perform its work in a safe manner. The motion to dismiss Merichem's cross-claim is therefore denied.

Plaintiff moves for summary judgment on the question of who made the contract with PLM for the cleaning of the tank car in question. Plaintiff contends that the evidence developed thus far shows beyond dispute that it was NAC that contracted with PLM.

■ At this point, the Court believes that the bulk of the evidence shows that the contract was between NAC and PLM. This belief, however, cannot support plaintiff's motion for summary judgment because there is evidence to the contrary. As noted by NAC, Mr. Loevinger of Sioux City Tank Car (now PLM) testified at deposition that he did not know exactly who was responsible under the Merichem/NAC lease for cleaning the cars but testified that NAC

2. *See* ¶ 16 of the contract attached to plaintiff's statement filed October 21, 1981.

3. Deposition exhibit to James Wetzel deposition.

4. *See* deposition of James Watson, p. 91.

5. The Court treats the allegations as true for the purposes of this motion.

arranged the cleaning and that Merichem would pay for it.[6] There is also testimony to suggest that NAC would accommodate Merichem by arranging for the cars to be cleaned at a particular location.[7] From this testimony, it could be inferred that NAC merely accommodated Merichem in its duty to return the cars clean. Even where the Court is convinced that the moving party will prevail at trial, the existence of a factual issue precludes the granting of summary judgment, *Hughes v. American Jawa, Ltd.*, 529 F.2d 21 (8th Cir.1976). The motion will therefore be denied.

Plaintiff also moves the Court for leave to make a second amendment to her complaint. The purpose of this amendment is threefold. First, plaintiff seeks to amend her complaint to more clearly identify the particulars of the defendant's negligence. Second, plaintiff seeks to amend to add a claim for punitive damages. Finally, plaintiff requests leave to assert another cause of action against defendant, urging that it is strictly liable to the plaintiff.

Both defendants resist the motion for leave to amend the complaint. They assert that the amendment would unduly prejudice them and that the amendments do not state claims upon which relief can be granted.

■ Fed.R.Civ.P. 15(a) states that leave to amend shall be "freely given" when justice so requires. In *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court held that:

> In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman* at p. 182, 83 S.Ct. at 230. The Eighth Circuit liberally interprets the phrase "freely given," *see Buder v. Merrill, Lynch, Pierce, Fenner and Smith,* 644 F.2d 690 (8th Cir.1981). Generally, a motion for leave to amend is not the proper procedural posture to test the legal sufficiency of the allegations, but the Court may deny leave to amend if the allegations of the amendment obviously fail to state claims upon which relief can be granted, *Collyard v. Washington Capitals,* 477 F.Supp. 1247 (D.Minn.1979).

■ In this case, plaintiff states that discovery has shown that the defendant NAC has acted in a reckless, wanton and grossly negligent manner in total disregard for the safety of workmen. If plaintiff supports this allegation with evidence, the Court would be required to submit the issue of punitive damages to the jury. The Court is not as sure about plaintiff's strict liability count but cannot, at this point, say that the allegations are obviously without merit. The Court will, therefore, grant plaintiff's motion for leave to amend the complaint.

Upon the foregoing,

IT IS THEREFORE ORDERED that PLM's motions for summary judgment and to dismiss are hereby denied.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is denied, but its motion for leave to amend the complaint is hereby granted.

---

**6.** Loevinger deposition, pp. 179–81, 213.

**7.** Deposition of James Wetzel, pp. 20–21.