Dolmat v. SSA                    CV-03-365-M    03/08/04

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Audrey Dolmat,
      Claimant

      v.                                    Civil No. 03-365-M
                                            Opinion No. 2004 DNH 040
Jo Anne B. Barnhart, Comissioner,
Social Security Administration,
      Respondent


**O R D E R**


Invoking 42 U.S.C. § 405(g), claimant Audrey Dolmat seeks judicial review of the Commissioner's decision to dismiss her application for Social Security disability insurance benefits. The Commissioner moves to dismiss the complaint on grounds that this court lacks subject matter jurisdiction because there is no final agency decision subject to judicial review. Claimant objects. For the reasons given below, the Commissioner's motion to dismiss is denied, but the matter is remanded for further proceedings consistent with this opinion.


**BACKGROUND**

Claimant filed an application for disability insurance benefits (the "1997 claim") with an alleged onset date of May 1,

1989.  That claim was denied on April 17, 1997. (Def.'s Mot. to Dismiss Pl.'s Compl. (hereinafter "Mot. to Dismiss"), Ex. 1.) That determination was affirmed on reconsideration.  (See Mot. to Dismiss, Ex. 2 (notice dated August 11, 1997).  Claimant, who was acting pro se at the time, did not request a hearing pursuant to 20 C.F.R. § 404.933, and the adverse decision became final after sixty days.  On December 24, 1998, the Commissioner denied claimant's request, made through counsel, to reopen the 1997 claim.  (Mot. to Dismiss, Ex. 3.)  By letter dated July 24, 2000, in response to a letter from claimant's counsel, the Commissioner reiterated her denial of the request to reopen the 1997 claim. (Mot. to Dismiss, Ex. 4.)  Claimant then filed an action in this court (Civil No. 01-402-JD) based on the 1997 claim (the "2001 action").  That action was subsequently dismissed by order dated April 17, 2002, on grounds that the court lacked subject matter jurisdiction because claimant had failed to exhaust her administrative remedies and had, as a result, never obtained an appealable final decision from the Commissioner, as required by 42 U.S.C. § 405(g).  (Mot. to Dismiss, Ex. 5.)

Claimant has been represented by counsel with regard to this claim since at least December 1998. (Mot. to Dismiss, Ex. 3.) On March 5, 2002, claimant filed a second application for disability benefits alleging the same May 1, 1989, onset date (the "2002 claim"). (Mot. to Dismiss, Ex. 5.) By notice dated March 10, 2002, the 2002 claim was disapproved, on grounds of res judicata, because it "concern[ed] the same issues which were decided when an earlier claim was denied." (Mot. to Dismiss, Ex. 6.) That disapproval was upheld on reconsideration, in a ruling dated April 2, 2002. (Mot. to Dismiss, Ex. 7.) Claimant then requested a hearing before an Administrative Law Judge ("ALJ").

Construing the 2002 claim as "an implied request to reopen all prior . . . decisions," the ALJ held a preliminary hearing on September 4, 2002. (Mot. to Dismiss, Ex. 8.) The ALJ first determined that the 1997 claim could not be reopened because there was no showing of fraud or similar fault - conditions necessary to support a request to reopen a claim more than four years after the initial determination. (Mot. to Dismiss, Ex. 8.) He then dismissed claimant's request for a hearing, based on the

3

doctrine of res judicata, pointing out that the 2002 claim involved the same party, same operative facts, and same issues as the final and binding reconsideration determination dated August 11, 1997.  (Mot. to Dismiss, Ex. 8.)  On April 28, 2003, claimant filed a request for review of the ALJ's order with the Appeals Council (Mot. to Dismiss, Ex. 9), which was denied on July 11, 2003.  (Mot. to Dismiss, Ex. 10.)  This suit seeks judicial review of the Commissioner's latest decision.

## DISCUSSION

The Commissioner contends that this court lacks subject matter jurisdiction for two reasons.  First, she argues that there was no "final decision . . . made after a hearing," regarding the 2002 claim because the September 4, 2002, hearing did not reach the merits of the 2002 claim, but, rather, addressed the preliminary issue of whether claimant was entitled to have the 1997 claim reopened.  Second, the Commissioner argues that the administrative decision not to reopen the 1997 claim was discretionary, and not subject to judicial review.

4

In response, claimant asserts that she did not exhaust her administrative remedies in 1997 because of the very disability underlying her claim, her mental condition, and because she was not represented by counsel, who would have taken the proper steps not withstanding her own inability to do so.  She further asserts a constitutional due process right to pursue the 1997 claim, even at this late date, given that her disability prevented her from following the proper procedures earlier.  In addition, claimant argues that the Commissioner failed to follow her own policies and regulations, specifically Social Security Ruling ("SSR") 91-5p, concerning good cause for missing a deadline to request review.  As well, she contends that the ALJ's September 4, 2002, hearing - at which he considered reopening the 1997 claim - was a de facto reopening of that claim which bars the Commissioner from now invoking res judicata.

Section 205(g) of the Social Security Act, 42 U.S.C. § 405, provides the sole means for judicial review of Social Security Administration decisions.  See 42 U.S.C. § 405(h).  The judicial review provision provides, in pertinent part, that "[a]ny individual, after any final decision of the Commissioner of

5

Social Security made after a hearing to which he was a party

. . . may obtain [judicial] review of such decision."  42 U.S.C.

§ 405(g) (emphasis added).  The Commissioner has the

responsibility to "flesh out by regulation" the meaning of the

term "final decision" under the statute.  Weinberger v. Salfi,

422 U.S. 749, 766 (1975).  Under the relevant regulations, a

decision is final only if the claimant properly completed the

administrative review process within the time provided in the

regulations.  20 C.F.R. § 404.900(a)(5).  Because claimant did

not exhaust her administrative remedies, the denial of her 1997

claim was not a final agency decision under the regulations.

Dolmat v. Barnhart, No. 01-402-JD, slip op. at 2 (D.N.H. Apr. 17,

2002).

Even if a claimant fails to request review within the time

frame established by the regulations, she may request that the

claim be reopened.  20 C.F.R. § 404.987(a).  A claim may be

reopened for any reason within one year of the initial

determination or within four years of the initial determination

for good cause.  20 C.F.R. §§ 404.988(a) and (b).  Good cause

will be found if the claimant furnishes new and material

6

evidence, among other reasons. 20 C.F.R. § 404.989(a). A claim may be reopened at any time after the initial determination if obtained by fraud or similar fault. 20 C.F.R. § 404.988(c)(1).

Ordinarily, a decision not to reopen a claim is within the discretion of the Commissioner, and not subject to judicial review. Califano v. Sanders, 430 U.S. 99, 107-08 (1977); Colon v. Sec'y HHS, 877 F.2d 148, 152 (1st Cir. 1989). Where the denial of a request to reopen is challenged on constitutional grounds, however, the availability of judicial review is presumed. Sanders, 430 U.S. at 109. "[A] claimant suffering from mental illness raises a colorable constitutional claim when he asserts that his mental illness precluded him from litigating his claim because it prevented him from proceeding from one administrative level to another in a timely fashion." Elchediak v. Heckler, 750 F.2d 892, 894 (11th Cir. 1985) (citing Penner v. Schweiker, 701 F.2d 256, 260-61 (3rd Cir. 1983); Parker v. Califano, 644 F.2d 1199, 1201-03 (6th Cir. 1981); Brittingham v. Schweiker, 558 F. Supp. 60, 61 (E.D. Pa. 1983); Kapp v. Schweiker, 556 F. Supp. 16, 20-21 (N.D. Cal. 1981)).

Absent such a colorable constitutional claim, a district court lacks jurisdiction to review the Commissioner's decision not to reopen an earlier determination. <u>Torres v. Sec'y. of HHS</u>, 845 F.2d 1136, 1138 (1st Cir. 1988) (citations omitted). When the court has jurisdiction, however, it "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

Here, claimant asserts that her failure to make a timely request for a hearing before an ALJ following the denial of her 1997 claim at the reconsideration stage should be excused on due process grounds. Specifically, she alleges that she suffered from severe depression, agoraphobia, and bipolar disorder, such that she could neither understand nor cope with the administrative appeals process, and was not represented by counsel. Claimant has submitted medical opinions that tend to support her assertions, at least in a general way, and it is undisputed that she was not represented by counsel at that time. Because claimant presents a "colorable constitutional claim,"

8

this court does have jurisdiction to review the Commissioner's decision, in 2002, not to reopen the 1997 claim.

In 2002, the ALJ properly construed claimant's new claim based upon the same operative facts underlying the 1997 claim as a request to reopen her 1997 claim. Because she did not present any new or material evidence to support her request, the ALJ correctly determined that she failed to meet the regulatory requirements for reopening. (The ALJ decision also clearly shows that he did not overlook SSR 91-5p, notwithstanding claimant's assertion to the contrary.) It appears, however, that reopening the 1997 claim is not the relief that claimant should have been seeking, nor is it clear that SSR 91-5p applies to a request for reopening. SSR 91-5p authorizes the Commissioner to consider several different factors, including a claimant's mental state, when responding to requests to extend the sixty-day deadline for "request[ing] reconsideration, [a] hearing before an administrative law judge (ALJ), review by the Appeals Council, or review by a Federal District Court." 1991 WL 208607 (S.S.A.) at *1.

9

It seems apparent, then, that when claimant retained counsel, presumably some time in 1998, counsel should have requested an extension of the time in which to request a hearing before an ALJ. When good cause exists for such an extension, as defined in SSR 91-5p, an extension should be granted regardless of the time limits set out in the regulation governing reopening a claim. See 1991 WL 20867, at *2.

Rather than seeking an extension of the time in which to request a hearing, it appears claimant asked to reopen the 1997 claim. While the record does not include a copy of claimant's request to reopen, SSA's response to that request (Mot. to Dismiss, Ex. 3) suggests that claimant probably did not invoke her alleged mental disabilities as grounds for reopening her claim. Thus, the Commissioner had no choice but to respond to claimant's request in accordance with the standards applicable to reopening. Similarly, in Civ. No. 01-402-JD, the court necessarily ruled only on the claim before it, which seems to have been an appeal from the Commissioner's decision not to reopen the 1997 claim.[1] Finally, the ALJ's decision on the 2002

---

[1] As with the 1998 request to reopen, the record does not include the original complaint, but only the court's order on the

claim does refer to SSR 91-5p, which reference suggests that claimant finally raised the issue of her 1997 mental condition.[2] Because a claimant's mental condition may qualify as good cause for extending the various sixty-day deadlines, but has no bearing on whether good cause exists to reopen a claim, the ALJ was under no obligation to address SSR 91-5p in the context of ruling on claimant's request to reopen the 1997 claim.

Claimant has not, it seems from this record, asked the Commissioner to extend the deadline for filing a request for an ALJ hearing on her 1997 claim. Consequently, the Commissioner has not decided whether claimant's 1997 mental condition constitutes good cause for extending that deadline. In light of

---

Commissioner's motion to dismiss, which does not mention claimant's mental state.

   [2] The ALJ's determination that claimant was not prejudiced by her mental condition and lack of counsel, because the window for requesting reopening for good cause had not yet closed, is not correct. As a general matter, good cause to reopen routinely takes the form of newly discovered evidence, but here, claimant's problem is not that she uncovered new evidence, but, rather, that the combination of her mental disabilities and lack of counsel prevented her from obtaining a hearing and presenting evidence of her disability to an ALJ. Thus, the available relief of a good cause reopening at the time claimant retained counsel would not necessarily have gotten her what she arguably had a right to - ALJ review of the Commissioner's adverse decision on reconsideration of her 1997 claim.

11

the constitutionally protected interest at stake here, see Elchediak, 750 F.2d at 894, and Congress's intent to protect Social Security claimants, see Canales v. Sullivan, 936 F.2d 755, 758 (2nd Cir. 1991) (citation omitted), the best and most equitable result in this case would be a remand to the ALJ with instructions to determine whether, under the provisions of SSR 91-5p, claimant should be granted an extension of the sixty-day deadline in which to seek a hearing and review by an Administrative Law Judge of the Commissioner's denial, on reconsideration, of the 1997 claim.

## CONCLUSION

The Commissioner's Motion to Dismiss Claimant's Complaint (document no. 5) is denied, and the matter is hereby remanded for proceedings consistent with this opinion.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 8, 2004

cc:  David L. Broderick, Esq.
     Karen B. Nesbitt, Esq.

12